### ROSELAND v. PHISTER MFG. CO. et al.
### No. 7778.

Circuit Court of Appeals, Seventh Circuit.

Feb. 5, 1942.

John F. Higgins and John O'C. Fitzgerald, both of Chicago, Ill., for appellant.

Tom Leeming, Walter S. Underwood, Joseph W. Townsend, and Russell B. Burt, all of Chicago, Ill., for appellees.

Eckert & Peterson, of Chicago, Ill. (Walter H. Eckert and Robert J. Bird, both of Chicago, Ill., of counsel), for Pyrene Mfg. Co.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

But one question is presented by this appeal,—whether the District Court rightfully sustained a motion to dismiss plaintiff's amended claim. From the averments, plaintiff has for the last seventeen years followed the vocation of salesman of fire prevention equipment and fire extinguishers and accessories throughout various states. The three defendants are corporations engaged in manufacture of, and interstate commerce in, such merchandise, selling to transportation companies, municipal bodies and the public generally. Plaintiff first became associated with defendant Phister Manufacturing Company in 1924. In 1926 he contracted with it to sell its products as an exclusive sales agent in some eight states, receiving as remuneration one-half the difference between cost and the sales price of the products sold. After 1927, he received a similar commission on goods sold outside his territory but delivered within the same. His average annual compensation was some $11,000. The company guaranteed the salaries and expenses of maintaining his sales office in Chicago.

Defendants are the only persons manufacturing and selling such equipment in the

United States. Their sales are extensive and profitable. On or about March 29, 1930 the three companies combined their activities for the purpose of suppressing competition in interstate commerce in such products, conspired to monopolize the commerce therein, securing and retaining a monopoly, establishing and maintaining enhanced noncompetitive prices, destroying and stifling competition, dividing and allocating territory, eliminating fair and lawful competition, selling their own products to each other at false and enhanced prices, fixing prices, and dividing customers and purchasers.

For many years plaintiff has been engaged in the business of a merchandise broker, salesman and branch manager for manufacturing companies. His volume of sales has been large. He has acquired an extensive and intimate acquaintance with buyers and executives, a thorough knowledge of their needs and purchasing power and a reputation for honesty and efficiency. He at no time took part in, agreed to or acquiesced in the unlawful conspiracy.

Upon complaint by the Federal Trade Commission defendants consented to a cease and desist order but, despite that, have persisted in their acts in violation of the Sherman and Clayton Acts, 15 U.S.C. A. § 1 seq. As a necessary result, plaintiff has been deprived of the opportunity to bid in certain territories where he was exclusive representative of defendant; his bids have been forbidden or suppressed; he has been prevented from entering into competition and deprived of the opportunity of making sales, so that he has been seriously damaged in his business.

Section 4 of the Act, Title 15, Sec. 15, U.S.C.A., provides that any person who shall be injured in his business or property, as a result of violation of the Act, may recover damages. Defendants moved to dismiss the complaint on the ground that it stated no cause of action for the reason that plaintiff, if he had any business, within the intent of the Act, was not within those to whom damages are granted. The question, then, is whether plaintiff is such a person as may recover damages, whether he has a business which has been damaged.

■ The language of the statute is general and all inclusive. It includes any person who shall be injured in his business or property. We assume that the word business was used in its ordinary sense and with its usual connotations. It signifies ordinarily that which habitually busies, or engages, time, attention or labor, as a principal serious concern or interest. In a somewhat more truly economic, legal and industrial sense, it includes that which occupies the time, attention, and labor of men for the purpose of livelihood or profit, —persistent human efforts which have for their end pecuniary reward. It denotes "the employment or occupation in which a person is engaged to procure a living." Allen v. Commonwealth, 188 Mass. 59, 74 N.E. 287, 288, 69 L.R.A. 599.

■ Ordinarily persons who may claim injury to their business under the Act do not include a stockholder making claim for injury or damage to the business of his corporation, Corey v. Independent Ice Co., D.C., 207 F. 459; Gerli v. Silk Ass'n. of America, et al., 36 F.2d 959, a creditor suing to recover damages to his debtor's business, Noyes v. Parsons, et al., 9 Cir., 245 F. 689, or an officer or director suing to recover for injury to the business of the corporation.

Here plaintiff does not seek to recover as a creditor or stockholder of his employer for damages done the company's business. His position is that he is one who has for sometime engaged in the activity of an exclusive sales agent, making it his calling, representing his employer, possessing an exclusive territory of several states and having an established clientele in the various communities thereof.

■■ Such a business, say the defendants, is that of themselves and not that of plaintiff. We cannot agree. The Act is penal so far as criminal liability is concerned but is remedial in so far as it creates a remedy for damages. City of Atlanta v. Chattanooga Foundry & Pipe Co., C.C., 101 F. 900, reversed in 6 Cir., 127 F. 23, 27, but on another point. Consequently, accepting the words of Congress at their face value, we think the complaint sufficient. True, plaintiff is not a competitor of the offending parties, but he has been engaged in the vocation of general sales agent for a number of years, built up a clientele, acquired knowledge of their conditions, their buying power and other relevant characteristics. He has busied himself with the sales of defendants' products as a means of livelihood—the selling of merchandise by him under exclusive sales

contracts constitutes his business. We may not by what seems to us a strained and unjustified limitation bar plaintiff from the statutory remedy. "Congress evidently foresaw the wholesome effect of pecuniary responsibility for injuries resulting from such forbidden combinations and the courts should not devitalize the remedy by strained interpretations calculated to encourage disregard of the law." Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L. Ed. 241.

It is said that plaintiff has not been damaged. The averments are to the contrary. He may face a difficult task in proving his damages but there is a distinction between the measure of proof that plaintiff has sustained some damage and the measure of proof necessary to enable the jury to fix the amount. Story Parchment Paper Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544. It is the source of injury, not the character of property or business injured, which constitutes the test of recovery. Thornton on Combination in Restraint of Trade, p. 774; Dowd v. United Mine Workers, 8 Cir., 235 F. 1; Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241.

While the law seldom looks favorably upon recovery of losses of expected profits there is notable exception to the general rule to the effect that lost profits from destruction or interruption of an established business may be recovered where the plaintiff makes it reasonably certain by competent proof what the amount of his loss actually was. The reason for this exception is that the owner of a long-established business generally has it in his power to prove the amount of his expenses of operation and the income he has derived from it for a long time before, and for the time during the interruption of which he complains. Eastman Kodak Co. v. Southern Photo Material Co., 5 Cir., 295 F. 98; Straus et al. v. Victor Talking Mach. Co., 2 Cir., 297 F. 791. The fact that damages can not be calculated with absolute exactness will not render them so uncertain as to preclude an assessment. If a reasonable basis of computation be afforded by the evidence, that is sufficient although only an approximate result be

obtained. Eastman Kodak Co. v. Southern Photo Material Co., 5 Cir., 295 F. 98.

Consequently we can not say as a matter of law from the face of the complaint that plaintiff has incurred no damage. What the situation may be after the proof has been submitted can not be foreseen.

The judgment is reversed with directions to proceed in accord with this opinion.