**COAST v. HUNT OIL CO. et al.**

No. 1361.

United States Court of Appeals
Fifth Circuit.

April 10, 1952.

Rehearing Denied May 15, 1952.

William H. Bronson, Shreveport, La., for appellant.

Arthur O'Quin, Shreveport, La., David T. Searls, Jack D. Head, Houston, Tex., Ralph B. Shank, Dallas, Tex., Riley B. Fell, Shreveport, La., for appellees.

Before SIBLEY, RUSSELL, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor" etc. 15 U.S.C.A. § 15. Under that provision, this case presents two questions. The first is: does the cause of action belong exclusively to a partnership, Coast Oil Company, in which the appellant, Jack Coast, (sometimes hereafter referred to as plaintiff) owns a forty-nine (49%) per cent interest, or may the plaintiff sue in his own right. Assuming the answer to be that the cause of action is that of the partnership, the second question is whether or not the plaintiff may cause its enforcement by making his unwilling partner, Justin R. Querbes, a party defendant or by making the partnership an involuntary plaintiff.

The case is so fully stated in the opinion and supplemental opinion of the district court reported in 96 F.Supp. 53 et seq., that a brief reference here to a few facts will be sufficient. Plaintiff owns in his own right an undivided forty-nine (49%) per cent interest, and Querbes a fifty-one (51%) per cent interest in an oil refinery operated by Coast Oil Company, a commercial partnership organized under the laws of Louisiana owned by plaintiff and Querbes in the same proportions of forty-nine (49%) per cent and fifty-one (51%) per cent, respectively. Plaintiff is the managing partner and is obligated to devote his entire time to the operation of the refinery. Querbes refused to participate in this action either jointly with plaintiff or in behalf of the partnership. The complaint alleged that the defendants and others entered into agreements for the exclusive refining and processing of their distillate and the exclusive marketing of products therefrom which agreements and the action thereunder constituted a conspiracy and combination in restraint of and an attempt to monopolize trade and commerce among the several states, in violation of the antitrust laws of the United States, and that as a result the Coast Oil Company refinery was completely closed down for a time and thereafter never operated at full capacity. Plaintiff sought to recover forty-nine (49%) per cent of the refinery's alleged loss of profits and prayed for treble damages.

This Court has had occasion to note that "Under the Louisiana law a partnership is a fictitious being, distinct from the partners composing it." Esteve Bros. & Co. v. Harrell, 5 Cir., 272 F. 382, 383. The Supreme Court of Louisiana, speaking through Judge Dawkins, stated the rule succinctly in E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898, 899:

"Under the civil law, which prevails in this state, a partnership is a legal entity entirely separate and distinct from the persons who compose it, and may have its own creditors and debtors to the same extent as the individual partners. Newman v. Eldridge, 107 La. 315, 31 So. 688; Stothart v. Hardie & Co., 110 La. [696] 700, 34 So. 740; Smith v. McMicken, 3 La.Ann. [319] 322. So long as the partnership is not dissolved, it alone can maintain an action on the firm's claims, and even though all its members join therein, such a suit cannot be maintained in the absence of the partnership as a party plaintiff. Wolf v. New Orleans Tailor Made Pants Co., 52 La.Ann. 1357, 27 So. 893."

Assuming for the purposes of this decision that the complaint alleged a violation of the antitrust laws and consequent damage, that damage consists of loss of profits in the partnership business and we think the cause of action is vested in the partnership, a distinct legal entity under Louisiana law.[1] The district court, we think, has correctly distinguished the cases upon which the appellant relies, D.C., 96 F.Supp. 53, at page 60.

Appellant makes the further contention that, even if it be held that the cause of action for injury to the business was

---

1. See Loeb v. Eastman Kodak Co., 3 Cir., 183 F. 704, 709; Ames v. Amer. Tel. & Tel. Co., 1 Cir., 166 F. 820, 822; Roseland v. Phister Mfg. Co., 7 Cir., 125 F.2d 417, 419, 139 A.L.R. 1013; Gerli v. Silk Ass'n of America, D.C., 36 F.2d 959.

vested in the partnership, that the complaint alleges an injury to the property of the plaintiff because it alleges that, "Plaintiff in his own right owns an undivided forty-nine (49%) per cent interest in the refinery * * * By virtue of his ownership of forty-nine (49%) per cent of the profits from his operation of it." We think that the damages sought to be recovered are not for injuries to the refinery itself but for loss of profits which allegedly would have been made from the partnership business of operating the refinery, and that the consequent injuries to the physical properties are too remote to give rise to a separate cause of action.[2]

There is no allegation in the complaint that Querbes was guilty of any fraud or misconduct or, except by inference, that he was even unwise in refusing to consent to the bringing of this action by the partnership. There are no grounds for the Court to interfere with the management of the entity, and to authorize this suit to be maintained in its behalf either by a receiver,[3] or by one of the partners.[4]

Appellant insists however that under Rule 19(a), Fed.Rules Civ.Proc., 28 U.S.C.A., he has the right to make the partnership an involuntary plaintiff or to make Querbes a party defendant for the purpose of causing the action to be maintained by the partnership. The difficulty is that the plaintiff himself has no standing, joint or otherwise, to maintain this action. Rule 19(a), supra, relates to *joinder* of parties, it permits a plaintiff under proper circumstances to require another person or persons to *join* with him, but it makes no provision for a plaintiff to require another person to maintain an action vested solely in such other person, even though its maintenance might result in benefit to the plaintiff. In speaking of the application of this rule as to joinder of a party as "involuntary plaintiff", Professor Moore says, "The doctrine can properly be applied only where there is such a relationship that the absent party must allow the use of his name as plaintiff", 3 Moore's Federal Practice (2nd ed.) page 2149. We think the rulings of the district court were correct, and its judgment is therefore affirmed.

Affirmed.

---

2. Gerli v. Silk Assoc. of America, supra, footnote (1); Westmoreland Asbestos Co., Inc. v. Johns Manville Corp., D.C., 30. F.Supp. 389, 391.

3. 68 C.J.S., Partnership, § 128.

4. See United Copper Securities Co. v. Amalgamated Copper Co., 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119; Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505.