Albert E. ROBINSON

v.

STANLEY HOME PRODUCTS, INC.
and
William J. Gahm, d/b/a Plura Plastics.

Civ. A. No. 58-817-F.

United States District Court
D. Massachusetts.

March 18, 1959.

Vincent E. Galvin and Earl F. Nauss, Jr., Boston, Mass., for plaintiff.

George Foley, John Laursen Hale & Dorr, Boston, Mass., for defendants.

FRANCIS J. W. FORD, District Judge.

This is an action brought under 15 U.S.C.A. § 15 to recover damages for injuries alleged to have been suffered by plaintiff because of violations by defendants of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13.

The basic facts alleged in the amended complaint may be briefly summarized. Defendant Gahm, doing business as Plura Plastics, is a manufacturer among other products of plastic cups. Plaintiff is engaged in the business of acting as a manufacturer's representative in the New England area and had an agreement to act as exclusive agent of Plura for the sale of its products in that area and was to be paid a commission on all sales in the New England area whether or not made by him. Plaintiff obtained two orders for plastic cups from defendant Stanley. Stanley then began to negotiate directly with Plura, offering to buy large quantities of cups at a substantially reduced price. Plura thereupon terminated plaintiff's services as its representative and accepted Stanley's offer. No actual sale to Stanley is alleged.

The plaintiff alleges that the price agreed upon by defendants was unreasonably low, was discriminatory in that the price to Stanley was lower than the price offered to other retail dealers in Massachusetts, and was not justified by differences in the cost of manufacture, sale or delivery, and that the transaction amounted to a reduction in price to Stanley by elimination of plaintiff's commission and thus constituted payment of a commission or discount to Stanley, all in violation of 15 U.S.C.A. § 13.[1] Plaintiff also alleges breach of contract by Plura through failure to pay him commissions due, conspiracy between Plura and Stanley to deprive plaintiff of his commissions and divert them to Stanley, and inducement by Stanley to Plura to breach its contract with plaintiff. These three claims are all expressly stated to be based on Massachusetts law.

Plaintiff contends that 15 U.S.C.A. § 13(c) has been violated in that in effect Stanley obtained a commission from Plura. This is, of course, only a conclusion of the pleader. From the facts pleaded it does not appear that Plura paid anything to Stanley. It simply sold at a lower price and eliminated any payment of commission. The evil aimed at by § 13(c) was the evasion of the ban on price discrimination by using the payment of so-called brokerage fees or commissions by the seller directly or indirectly to the buyer as a mask for what was really a reduction in price. Here where the price allegedly has been reduced, plaintiff tries to reverse the argument by contending that a price reduction should be considered the payment of an illegal commission. The reduction or elimination of a commission or brokerage fee payable by the seller to its own agent to enable the seller to sell at a lower price is not forbidden by § 13(c). Henry Broch and Company v. Federal Trade Commission, 7 Cir., 261 F.2d 725. The cases relied upon by plaintiff are cases in which the seller paid a commission to the buyer's agent, who in turn passed it on to the buyer. Quality Bakers of America v. Federal Trade Commission, 1 Cir., 114 F.2d 393; Oliver Bros., Inc. v. Federal Trade Commission, 4 Cir., 102 F.2d 763.

The allegations as to a violation of § 13(a) are rather vaguely stated. Plura is charged with having agreed to sell cups to Stanley at a substantially reduced price. No actual sale is alleged. Plura is also charged with having quoted different prices to different retailers in Massachusetts. Again no sales at differ-

---

1. Certain language, such as the characterization of the price as "unreasonably low" reads like a charge of violation of 15 U.S.C.A. § 13a. However, plaintiff's counsel in argument stated he did not rely on any such violation. In any case, violation of § 13a would not be a violation of the antitrust laws on which an action under 15 U.S.C.A. § 15 could be predicated. Nashville Milk Co. v. Carnation Company, 355 U.S. 373, 78 S.Ct. 352, 2 L.Ed.2d 340.

ent prices are alleged. There is not even an allegation, much less any statement of facts, indicating that such discrimination had any effect on competition. This is not an adequate statement of a violation of § 13(a). Lipson v. Socony-Vacuum Corporation, 1 Cir., 76 F. 2d 213, 217.

■ Assuming that such a vague and incomplete statement were sufficient to set forth a violation of § 13(a) by price discrimination, the question arises whether the complaint shows that plaintiff is a person injured thereby so as to be entitled to sue under § 15. Apart from a vague generalization that he has been injured in his business and business reputation, the only specific injury he sets forth is that he has not been paid commissions due to him. Presumably this does not refer to commissions on the two orders allegedly obtained from Stanley by plaintiff before Stanley made an effort to obtain a reduced price. Failure to pay these commissions would have no conceivable connection with any subsequent violation of the antitrust laws. The best that can be made of this statement of injury is that plaintiff implies that there was an actual sale to Stanley at a reduced price after Plura had terminated plaintiff's services as its representative, and that the loss of the commission on this sale is the injury complained of.[2]

■ Only one who has been directly injured by a violation of the antitrust laws is entitled to recover damages under § 15. Persons whose only loss is from the interruption or diminution of a profitable relationship with the party directly affected by the violation have been held to have been injured only remotely and indirectly. Thus recovery has been denied to the landlord of an injured competitor, Melrose Realty, Co., Inc. v. Loew's Incorporated, 3 Cir., 234

F.2d 518, to a patent licensor whose royalties from an injured licensee were affected, Productive Inventions, Inc. v. Trico Products Corporation, 2 Cir., 224 F.2d 678, to employees of a corporation directly injured, Corey v. Boston Ice Co., D.C., 207 F. 465, or to a corporation supplying materials to another closely related corporation which was directly injured, Snow Crest Beverages, Inc. v. Recipe Foods, Inc., D.C., 147 F.Supp. 907.

It is difficult to see how in this case the claimed injury could be considered the direct result of the alleged violation. Assuming that Plura sold cups to Stanley at a lower price than it charged competitors of Stanley, this price differential was not the cause of plaintiff's loss of his commission. Of course, if Plura under whatever agreement it had with plaintiff was free to terminate his services, or to deal directly with a customer without paying plaintiff any commission on such direct sales, plaintiff has suffered no legal injury, even though he may not have earned a hoped for commission. If under his agreement with Plura plaintiff was entitled to the exclusive right to sell to Stanley or was entitled to commissions on all sales to Stanley even though he played no part in them, then his injury was caused by Plura's breach of contract, or possibly by wrongful interference by Stanley with his contractual relationship with Plura. The lower price allowed to Stanley by Plura may have been a source of injury to some competitor of Stanley. It did not cause plaintiff's injury. The fact that elimination of plaintiff's commission may have been economically a condition precedent to the granting of a lower price by Plura does not make the failure to pay that commission a result of the lower price.

Plaintiff relies on cases such as Roseland v. Phister Mfg. Co., 7 Cir., 125 F.2d 417, 139 A.L.R. 1013, and McWhirter v.

---

2. Defendant argues that plaintiff is in the position of trying to collect a commission on a sale which he alleges to be illegal. However, under the antitrust portion of the complaint, plaintiff is not seeking to recover the commission as such. At most he would be using the amount of the commission on the allegedly illegal sale as a measure of damages, as evidence of the commission he would or might have earned if the same goods had been sold legally.

Monroe Calculating Mach. Co., D.C., 76 F.Supp. 456, to show that a manufacturer's representative may be a person directly injured by a violation of the antitrust laws. In these cases the effect of the antitrust violation was to eliminate competition and thus directly deprive plaintiff of his opportunity to make sales in a competitive market. Such an injury was, of course, a direct consequence of the alleged antitrust violation.

Plaintiff's claim under § 13(f) is based on the allegation that Stanley induced or received the discriminatory price reduction which is charged in his claim under § 13(a) and what has been said as to the § 13(a) claim applies with equal force to the § 13(f) claim. The conclusion must be that the complaint fails to state any claim entitling plaintiff to relief under § 15.

 In the light of the allegations of the complaint that plaintiff is a citizen of Massachusetts and defendant Stanley a Massachusetts corporation and the absence of any allegation as to the requisite amount in controversy, it is clear that this court has no independent jurisdiction of the claims under Massachusetts law. Assuming, however, that these claims are so closely related to the claims under the antitrust laws with which they are joined that this court would have pendent jurisdiction under the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, the question remains as to the proper disposition to be made of such claims in the present position of this case. Plaintiff contends that regardless of what is done as to the antitrust claims, the court has jurisdiction of the pendent claims and should retain them and try them. Strachman v. Palmer, 1 Cir., 177 F.2d 427, 12 A.L.R.2d 687, relied upon by plaintiff, does not support his contention since in that case the federal claim was dismissed only after the case had been tried in its entirety, and it was held that as a matter of judicial economy and convenience the court should have disposed of the pendent non-federal claim on its merits. But where the federal claim is disposed of on a motion to dismiss, then it is proper to dismiss the whole case. Dixon v. Martin, 5 Cir., 260 F.2d 809; Massachusetts Universalist Convention v. Hildreth & Rogers Co., D.C., 87 F.Supp. 822, affirmed 1 Cir., 183 F.2d 497.

Defendant Stanley's motion to dismiss the complaint is allowed.