**LUCAS HOIST AND EQUIPMENT COMPANY, a corporation, et al.**

v.

**EATON CORPORATION.**

Civ. A. No. 72–988.

United States District Court,
W. D. Pennsylvania.

June 16, 1976.

Bernard J. McAuley, Pittsburgh, Pa., for plaintiffs.

John G. Gent, Erie, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, District Judge.

Eaton Corporation has moved to dismiss the individual plaintiffs, Frank Lucas and John Cape, in Civil Action No. 72–988, on the ground that these individuals are only shareholders in Lucas Hoist and Equipment Corporation and lack standing to sue for any injuries which might have been suffered by Lucas Hoist as a result of Eaton's alleged antitrust violations.

Clearly a stockholder, even a sole shareholder, may not sue directly on an antitrust claim for the lost profits of his corporation. *Martens v. Barrett*, 245 F.2d 844, 846 [5th Cir.1957], held that:

> where the business or property allegedly interfered with by forbidden practices is that being done and carried on by a corporation, it is that corporation alone, and not its stockholders (few or many), officers, directors, creditors or licensors, who has a right of recovery, even though in an economic sense real harm may well be sustained as the impact of such wrongful acts bring about reduced earnings, lower salaries, bonuses, injury to general business reputation, or diminution in the value of ownership.

See also *Deaktor v. Fox Grocery Company*, 475 F.2d 1112 [3rd Cir.1973].

In some cases where an individual employee of a corporation had built up a separate clientele with whom he regularly did a business independent of the corporation, the individual has been held to have standing to sue on an antitrust claim. *Roseland v. Phister Manufacturing Corp.*, 125 F.2d 417 [7th Cir.1942] and similar cases discussed in *Harris v. Shell Oil Co.*, 371 F.Supp. 376, 378–9 [M.D.Ala.1974]. The in-

**1124**

dividual plaintiffs in this case argue that they have suffered a similar direct injury because when the Lucas Hoist and Equipment Company first undertook the sale of Eaton industrial trucks, both individuals became co-obligors with the corporation on a substantial bank loan which provided the necessary capital. Now, they argue, because the corporation cannot pay back this debt, it has become their personal obligation. This argument, however, fails because the cause of action in this case is for the lost profits which the company would have earned but for Eaton Corporation's alleged antitrust violation. The corporation's inability to repay the loan out of its own revenues is only an indirect result of this alleged violation because Lucas Hoist could very likely have earned sufficient profits to cover this obligation in spite of the alleged violations. Nor can the allegation that at some point in the dealings between the parties, Eaton required that some of Lucas Hoist's revenues be applied first to the Hoist company's sizable obligation to Eaton under a dealer financing arrangement rather than to the bank loan change this result. Any loss or potential loss to the individuals is still indirect and insufficient to give them standing in this case.

ORDER

AND NOW, this 15th day of June, 1976, it is ORDERED that Defendant Eaton Corporation's Motion to Dismiss Frank Lucas and John Cape as plaintiffs in the above-entitled case for their lack of standing is hereby GRANTED.