**LARRY R. GEORGE SALES COMPANY, Plaintiff-Appellant,**

v.

**COOL ATTIC CORPORATION and Butler Ventamatic Corporation, Defendants-Appellees,**

**Martin D. Siegel, Defendant.**

**No. 78–1498.**

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1979.

Patrick C. Guillot, Roger J. Allen, Dallas, Tex., for plaintiff-appellant.

Wynn, Brown, Mack, Renfro & Thompson, Theodore Mack, John S. Broude, Fort Worth, Tex., for defendants-appellees.

Before JONES, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

We affirm the judgment appealed here on the basis of the District Court's Memorandum Opinion and Order which we adopt and attach as an Appendix.

AFFIRMED.

APPENDIX

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY R. GEORGE SALES COMPANY | § | |
| | § | |
| VS | § | CIVIL ACTION NO. CA–4–77–89 |
| | § | |
| COOL ATTIC CORPORATION and | § | |
| BUTLER VENTAMATIC CORPORATION | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff, Larry R. George, d/b/a Larry R. George Sales Company (George) brings this action under the Robinson-Patman Act, 15 U.S.C. § 13(c), and the Sherman Act, 15 U.S.C. § 1, to redress injuries to his business allegedly incurred by virtue of actions of the Defendants, Cool Attic Corporation

(Cool Attic) and Butler Ventamatic Corporation (Butler). Plaintiff seeks treble damages for the alleged antitrust violations and also, recovery for an alleged breach of contract or alternatively, recovery in *quantum meruit*. Jurisdiction is alleged pursuant to 15 U.S.C. § 15 and 28 U.S.C. § 1332. The matter comes before the Court on Defendants' Motions to Dismiss for Want of Jurisdiction and for Failure to State a Claim upon Which Relief Can Be Granted. Defendants' motions are directed at Plaintiff's Fourth Amended Original Complaint. The issues raised herein have been thoroughly briefed and argued by counsel, and the matter is ripe for disposition.

Defendants, Cool Attic and Butler, are engaged in the manufacture and distribution of motorized attic fans in interstate commerce. The gist of Plaintiff's complaint involves the breach of an alleged manufacturer's representative agreement between Defendants and Plaintiff. Plaintiff contends that sometime in late October, 1973, Defendants orally contracted with Plaintiff to pay a commission of 4% on all sales of motorized attic fans by Defendants to S. S. Kresge Company in consideration of Plaintiff obtaining that account for Defendant Cool Attic. In reliance upon this oral contract, Plaintiff worked vigorously to obtain the Kresge account for either Butler or Cool Attic. Plaintiff asserts that as a result of his efforts, a representative of Defendants was enabled to meet with a buyer from Kresge and successfully negotiate the sale to Kresge of substantial quantities of Defendants' attic fans.

For cause of action Plaintiff further asserts that in the fall of 1973, he employed one David Brandt, the son of Al Brandt, the buyer for Kresge. Plaintiff alleges that thereafter the Brandts attempted to extort money from him by demanding that David Brandt be made a full and equal partner of Larry R. George Sales Company. The two Brandts, father and son, threatened to deprive Plaintiff of commissions due for sales to Kresge by Cool Attic and other accounts represented by George.

Plaintiff avers that when he refused to submit to such extortion, A. W. Brandt, David Brandt, and Cool Attic combined and conspired to divert all commissions on sales by Cool Attic to Kresge from Plaintiff George to David Brandt. Plaintiff alleges that this combination and conspiracy violated 15 U.S.C. § 1 because "it tended to restrain trade and prejudice the public interest by preventing the introduction of competing lines to K–Mart Stores, by preventing Larry George from representing former clients and by preventing Larry George from introducing competitive lines against those which were paying commissions to David Brandt . . . ."

Plaintiff alleges performance on his part of all his obligations under the contract with Defendants Cool Attic and Butler, and asserts that the contract was breached by Defendants when sales commissions were paid to David Brandt on the sale of motorized attic fans by Defendant Cool Attic to Kresge. Plaintiff contends that the commission payments to David Brandt were made in violation of 15 U.S.C. § 13(c) because the same constituted payment of a commission or brokerage to an agent, representative, or intermediary who was acting on behalf of, or was subject to, the direct or indirect control of a party to the transaction other than Defendants Cool Attic or Butler. This other party is alleged to be A. W. Brandt, the buyer for Kresge, and Defendant alleges that A. W. Brandt and David Brandt split all commissions received by David Brandt for sales of Defendants' attic fans to Kresge. Plaintiff avers that the payments to David Brandt constituted commercial bribery inasmuch as Al Brandt informed Defendant Cool Attic that the commissions should and must be paid to David Brandt if sales to Kresge were to continue.

In addition to the asserted antitrust violations allegedly giving rise to liability on the part of Defendants, Plaintiff seeks recovery for breach of his manufacturer's representative agreement with Defendants. Alternatively, Plaintiff claims to have performed services on behalf of Defendants for which Plaintiff is entitled to compensation.

In assessing the allegations of Plaintiff George's Fourth Amended Complaint in light of Defendants' Motion to Dismiss, this Court is necessarily mindful of the teachings of the Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Additional guidance from the 5th Circuit on the subject of dismissal on the pleadings is by no means lacking, a frequent formulation of the rule being that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the Plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim. *See Cook and Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505 (5th Cir. 1971); *Webb v. Standard Oil*, 414 F.2d 320 (5th Cir. 1969); and *Pred v. Board of Public Instruction of Dade County, Florida*, 415 F.2d 851 (5th Cir. 1969). With all deference to the rule recounted above, the Court is of the opinion that Plaintiff's Fourth Amended Complaint must be dismissed for want of jurisdiction and for failure to state a claim upon which relief may be granted.

## PLAINTIFF'S ROBINSON–PATMAN ACT CLAIM

For cause of action under 15 U.S.C. § 13(c), Plaintiff alleges that payment by Defendant Cool Attic of commissions to David Brandt constituted payment of a commission or brokerage to an agent, representative, or intermediary acting on behalf of, or subject to, the direct or indirect control of a party to the transaction other than Defendant Cool Attic. George alleges that the payments to David Brandt constituted commercial bribery because Al Brandt informed Cool Attic that the commissions should and must be paid to David Brandt if sales to Kresge were to continue.

Defendants challenge Plaintiff's ability to maintain an action under 15 U.S.C. § 13(c), arguing that Plaintiff lacks standing to bring a treble damage suit under the Clayton and Robinson-Patman Acts because, within the context of a Robinson-Patman violation, Plaintiff is unable to allege competitive injury. In fact, considering the commercial relationship of the parties involved, Plaintiff is not a competitor of either Cool Attic or Kresge.

For purposes of this Motion to Dismiss, the Court must take as true the allegations of Plaintiff's Fourth Amended Complaint. The Court must therefore assume the truth of Plaintiff's allegations that illegal payments were made by Defendant Cool Attic to Al Brandt, buyer for S. S. Kresge. Nevertheless, Plaintiff George is not within the class of persons entitled to claim the protection of the antitrust laws in this case.

As a prerequisite to any recovery of treble damages, an antitrust Plaintiff must prove:

(1) A violation of the antitrust laws by Defendant;

(2) An injury to his business *resulting* from the Defendants' wrongful actions; and

(3) Some indication of the amount of damage done.

*Kestenbaum v. Falstaff Brewing Corporation*, 514 F.2d 690, 694 (5th Cir. 1975); *Terrell v. Household Goods Carriers Bureau*, 494 F.2d 16, 20 (5th Cir. 1975).

The application of the second of the three listed requirements is explained in detail in *Karseal v. Richfield Oil Corporation*, 221 F.2d 358 (9th Cir. 1955). There, a California manufacturer of automobile polish brought suit alleging that Defendant Richfield executed, entered into, and operated various contracts in restraint of interstate trade in automotive accessories. Plaintiff Karseal alleged that as a direct and proximate result of Defendant's acts in violation of the antitrust laws, Plaintiff's salesmen were unable to sell Plaintiff's products to independent gasoline dealers operating under agreements with the Defendant.

In analyzing Karseal's claim under 15 U.S.C. § 15, the Ninth Circuit stated:

"The precise question presented is whether Karseal's business and wax product is 'within that area of the economy which is endangered by a break-down of competitive conditions in a particular industry.'

[Citing cases] Or, in other words, was Karseal within the 'target area' of Richfield's illegal practices . . . assuming Karseal was 'hit' by the effect of the Richfield antitrust violations, was Karseal 'aimed at' with enough precision to entitle it to maintain a treble damage suit under the Clayton Act." 221 F.2d at 362.

One who is only incidentally injured by a violation of the antitrust laws—in the words of the Ninth Circuit, "the bystander who was hit but not aimed at"—cannot recover against the violator. Recovery and damages under the antitrust law is available to those who have been directly injured by the lessening of competition and is withheld from those who seek the windfall of treble damages because of incidental harm.

In the only case cited by either party herein where a manufacturer's representative whose services had been terminated sought a recovery against the buyer and the seller under 15 U.S.C. § 13(c), the District Court there dismissed Plaintiff's complaint for want of competitive injury. *Robinson v. Stanley Home Products, et al.,* 178 F.Supp. 230 (D.C.Mass.1959) *affirmed* 272 F.2d 601 (1st Cir. 1959). In that case, the Plaintiff alleged that he was a manufacturer's representative for the Defendant seller and as such, he arranged two sales of plastic cups to the buyer. After those sales, the buyer and seller began to negotiate a large sale at a substantially reduced price. The seller terminated the Plaintiff's services as manufacturer's representative and sold to the buyer at the reduced price. The Plaintiff contended that, in effect, by obtaining the discount, the buyer received a commission from the seller. The District Court's reasoning in granting Plaintiff's Motion to Dismiss is instructive:

"Apart from a vague generalization that he has been injured in his business and business reputation, the only specific injury he [plaintiff] sets forth is that he has not been paid commissions due to him. Presumably, this does not refer to commissions on the two orders allegedly obtained from Stanley by plaintiff before Stanley made an effort to obtain a reduced price. Failure to pay these commissions would have no conceivable connection with any subsequent violation of the antitrust laws. The best that can be made of this statement of injury is that plaintiff implie[d] that there was an actual sale to Stanley at a reduced price after Plura had terminated plaintiff's services as its representative, and that the loss of the commission on this sale is the injury complained of.

Only one who has been directly injured by a violation of the antitrust laws is entitled to recover damages under Section 15. Persons whose only loss is from the interruption or diminution of a profitable relationship with the party directly affected by the violation have been held to have been injured only remotely and indirectly . . . [Citations and footnote omitted] . . .

It is difficult to see how in this case the claimed injury could be considered the direct result of the alleged violation. Assuming that Plura sold cups to Stanley at a lower price than it charged competitors of Stanley, the price differential was not the cause of plaintiff's loss of his commission . . . If under his agreement with Plura, plaintiff was entitled to the exclusive right to sell to Stanley or was entitled to commissions on all sales to Stanley even though he played no part in them, then his injury was caused by Plura's breach of contract, or possibly by wrongful interference by Stanley with his contractual relationship with Plura. The lower price allowed to Stanley by Plura may have been the source of injury to some competitor of Stanley. It did not cause plaintiff's injury." 178 F.Supp. 230, 233.

*Robinson* thus stands for the proposition that a potential Plaintiff must be one against whom the alleged anti-competitive conduct is aimed. The Fifth Circuit has endorsed and further refined this proposition, stating: To satisfy standing requirements under 15 U.S.C. § 15 a "complainant must show that he is within that sector of

the economy which is endangered by a breakdown of competitive conditions in a particular industry." *Jeffrey v. Southwestern Bell*, 518 F.2d 1129 (5th Cir. 1975).

In analyzing Plaintiff George's Section 13(c) allegations in the instant case, it is obvious that the alleged anti-competitive conduct of Defendants was "targeted" at the attic fan and ventilator industry. The alleged illegality on the part of Defendant Cool Attic, even if proved, would have anti-competitive effect only upon that industry. The Plaintiff George would be damaged, if at all, by the ripple effects of the antitrust violation alleged. Congress did not intend the antitrust laws to provide a remedy in damages for all injuries which might be conceivably traced to an antitrust violation. *See Hawaii v. Standard Oil Company*, 405 U.S. 251, 263, 92 S.Ct. 885, 891, 31 L.Ed.2d 184, 193 (1973).

█ Moreover, on the facts alleged by Plaintiff George in his Fourth Amended Original Complaint, his injury arose from the breach by Defendants of the manufacturer's representative agreement. This breach occurred when Defendants failed to pay as promised, and not, as alleged by Plaintiff, when Defendants paid commissions to David Brandt. *See Provident Savings Life Assurance Society of New York v. Ellinger*, 164 S.W. 1024 (C.C.A.—Austin, 1913) (writ denied). As in *Robinson*, Plaintiff George's injury was caused by Cool Attic's breach of contract, or possibly by wrongful interference by the Brandts with George's contractual relationship with Cool Attic.

This Court is in agreement with Judge Singleton's holding in *Computer Statistics, Inc. v. Blair*, 418 F.Supp. 1339 (S.D.Tex. 1976) that some anti-competitive effect is necessary to maintain an action under 15 U.S.C. § 13(c). "[A] plaintiff who cannot show competitive injury lacks standing to complain about payments although they literally fit within the language of the statute." *Id.* at 1347. Only if Plaintiff was in the same business and in competition with S. S. Kresge Co. or the Defendants would he have standing under 15 U.S.C. § 15. *Id.*

at 1347–48. Like the Plaintiff in *Robinson v. Stanley Home Products*, Plaintiff George may well have suffered an economic loss as a result of Defendant's actions. The non-competitive nature of that loss, however, is fatal to George's attempt to maintain an action under 15 U.S.C. § 13(c). That commercial bribery may be alleged does not obviate the necessity that Plaintiff demonstrate standing to sue under 15 U.S.C. § 15.

## PLAINTIFF'S SHERMAN ACT CLAIMS

█ For cause of action under Section 1 of the Sherman Act, Plaintiff George alleges that around Christmas, 1973, A. W. Brandt and David Brandt, not named as Defendants herein, attempted to extort money from Larry R. George Sales Company. When Plaintiff refused to agree to the Brandts' extortion demands, Plaintiff alleges that the Brandts and Defendant Cool Attic Corporation combined and conspired to divert commissions from Plaintiff to David Brandt. Plaintiff contends that such conduct violated 15 U.S.C. § 1 because ". . . it tended to restrain trade and prejudice the public interest by preventing the introduction of competing lines to K–Mart Stores, by preventing Larry George from representing former clients and by preventing Larry George from introducing competitive lines against those which were paying commissions to David Brandt . . ." Plaintiff also alleges that the "combination, contract and conspiracy restrained both the Plaintiff and the Plaintiff's business who was a competitor of David Brandt, as well as restraining competitors of Cool Attic who were unable to introduce competing lines to K–Mart . . ."

It is apparent on the face of these allegations that Plaintiff has, at most, stated causes of action for extortion or for tortious interference with contractual relations, and not any claim under the Sherman Antitrust Act. That Act does not purport to afford remedies for all torts committed by or against persons engaged in interstate commerce. *Hunt v. Crumboch*, 325 U.S. 821, 65 S.Ct. 1545, 89 L.Ed. 1954 (1944).

Section 1 of the Sherman Act renders illegal every contract, combination and conspiracy in restraint of trade or commerce among the several states. In order to state a claim for which relief can be granted under this Section, a Plaintiff must make allegations adequate to show a violation and, in a private treble damage action, that Plaintiff was damaged thereby. *Radiant Burners, Inc. v. Peoples Gas, Light and Coke Company*, 364 U.S. 656, 660, 81 S.Ct. 365, 367, 5 L.Ed.2d 358 (1969). Meeting the former of these two requirements necessitates a showing that the alleged restraint on trade tends or is reasonably calculated to prejudice the public interest. *Rogers v. Douglas Tobacco Board of Trade*, 266 F.2d 636, 644 (5th Cir. 1959). *See also Kinnear-Weed Corporation v. Humble Oil Corporation*, 214 F.2d 891, 893–94 (5th Cir. 1954).

The Court does not accept Plaintiff's contention that the requisites of pleading a cause of action under the Sherman Act are met by a mere allegation that there was a combination, contract and conspiracy which tended to prejudice the public interest and which was anti-competitive in its nature. This simply is not true. The case cited by Plaintiff in support of this proposition, *Kestenbaum v. Falstaff Brewing Corporation*, 514 F.2d 690 (5th Cir. 1975) speaks only to the necessary elements of pleading in a Sherman Act conspiracy case, and not to the requisite specificity thereof. Cases directly addressing the latter point are legion, and uniformly teach that Plaintiff's Fourth Amended Original Complaint does not adequately state a cause of action under Section 1 of the Sherman Act. *See Nelson Radio and Supply Company v. Motorola*, 200 F.2d 911, 913 (5th Cir. 1952), *cert. denied* 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356; *Black and Yates v. Mahogany Ass'n.*, 129 F.2d 227, 231 (3rd Cir. 1941); *Feddersen Motors v. Ward*, 180 F.2d 519, 522 (10th Cir. 1950); *Shotkin v. General Electric*, 171 F.2d 236 (10th Cir. 1948); *Richardson v. Chrysler Motors Corporation*, 257 F.Supp. 547 (S.D. Tex.1966); and *Alexander v. The Texas Company*, 149 F.Supp. 37 (W.D.La.1957).

In addressing the question of pleading specificity under the Sherman Act, the Fifth Circuit has stated:

"Public injury alone justifying the three-fold increase in damages and being an indispensable constituent of a claim for violation of the antitrust laws, a general allegation of such injury is not sufficient. It is essential that the complaint allege facts from which it can be determined that the conduct charged to be in violation of the antitrust laws was reasonably calculated to prejudice the public interest by unduly restricting the free flow of interstate commerce." *Kinnear-Weed Corporation v. Humble Oil and Refining Company*, 214 F.2d 891, 893–94 (5th Cir. 1954).

In the instant case, Plaintiff George's allegations of restraint of trade and public injury are mere statements of a legal conclusion. Plaintiff alleges no facts which tend to support his conclusory allegation that the conspiracy by Defendants to divert commissions tended to prejudice the public interest. George has not alleged that he represented competitors of Cool Attic or that any competitors of Cool Attic attempted to make sales to K–Mart and were rebuffed as a result of Defendants' alleged conduct in restraint of trade. Absent any allegations of facts tending to show a lessening of competition in interstate commerce or other public injury, Plaintiff has entirely failed to state a cause of action for which relief can be granted under the Sherman Act. *Feddersen Motors v. Ward, supra; Richardson v. Chrysler Motors Corporation, supra.*

In addition to his failure to meet the requisites of pleading specificity for stating an antitrust cause of action, Plaintiff George's allegations of conspiracy are grossly insufficient. A general allegation of conspiracy, such as made in this Complaint, without a statement of the facts constituting the conspiracy, is a mere allegation of a legal conclusion and is inadequate of itself to state a cause of action. The pleader must allege the facts constituting the conspiracy, its object and accomplishment.

*Nelson Radio and Supply Company v. Motorola,* 200 F.2d 911, 913–14 (5th Cir. 1952).

In the instant case, Plaintiff alleges a contract between Larry George Sales Company and Butler Ventamatic Corporation or Cool Attic Corporation. Plaintiff sets forth an attempt to extort money from Larry George Sales Company by A. W. Brandt and David Brandt. Plaintiff alleges that the Brandts and Cool Attic Corporation contracted, combined and conspired to divert commissions from Larry George to David Brandt. Plaintiff then concludes that such contract, combination and conspiracy violated Section 1 of the Sherman Act because it tended to restrain and prejudice the public interest by preventing the introduction of competing lines to K–Mart Stores and by restraining the trade and commerce of Larry George.

This summary pleading, even when judged by the forgiving standards necessarily applied in the context of a Motion to Dismiss, is wholly insufficient. A general allegation of the forming of a combination or conspiracy with resulting injury to the public and to the Plaintiff simply does not satisfy the requisites for stating a cause of action. While great detail is unnecessary, a Sherman Act complaint must allege *facts* from which it can be determined as a matter of law that by reason of intent, tendency, or inherent nature of the contemplated acts, the conspiracy alleged was calculated to prejudice the public interest by unduly restricting the free flow of interstate commerce. *Feddersen Motors v. Ward, supra* at 180 F.2d 522. As in *Feddersen,* Plaintiff herein has alleged facts which tend to show that the conspiracy as contemplated and effectuated harmed him. But Plaintiff George's pleading is defective in that it is devoid of any allegations which tend to show public injury or restraint of interstate commerce.

In addition to the above-discussed deficiencies of pleading, Plaintiff has totally failed to demonstrate that he has standing to maintain a treble damage action under the Sherman Act. This Court has previously examined and discussed the "target area"

analysis of standing in connection with Plaintiff's commercial bribery allegations. With respect to Plaintiff George's Sherman Act allegations, even taking his limited factual allegations as true, Plaintiff has failed to demonstrate any injury to his business *resulting* from the alleged Sherman Act violation. Plaintiff asserts a contractual entitlement to commissions upon the sale of attic fans by Defendant Cool Attic to S. S. Kresge. Taking this allegation as true, Plaintiff's loss was directly occasioned by the breach of the alleged contract to pay commissions. With this allegation, Plaintiff has, at most, stated causes of action for breach of contract, extortion, or for tortious interference with contractual relations, and not any claim under the Sherman Antitrust Act. *See Hunt v. Crumboch, supra.*

Plaintiff does allege that the antitrust conspiracy restrained his business, rendering him unable to introduce competing lines of attic fans to K–Mart. This conclusory allegation fails to establish any injury to Plaintiff's business resulting from the alleged antitrust violation because Plaintiff does not allege that he represented other manufacturers of attic fans and ventilators or that he attempted to represent other manufacturers and was precluded from doing so by any conduct of Defendants. Moreover, Plaintiff fails to establish any damage to his business as a result of the alleged anti-competitive conduct of Defendants. The damages alleged by Plaintiff arose not from any anti-competitive conduct of Defendants, but from the breach of Plaintiff's contract with Defendant Cool Attic. Plaintiff's mere conclusory statement that he was damaged will not suffice to clothe him with standing to sue.

In making the foregoing analysis of Plaintiff's allegations under the Sherman Act, the Court has given careful consideration to the cases cited by Plaintiff, including particularly *Roseland v. Phister Mfg. Co.,* 125 F.2d 417 (7th Cir. 1942). In *Roseland,* the Plaintiff, a manufacturer's representative, sought recovery under the Sherman Act against three manufacturers of fire prevention equipment alleging that:

"The three companies combined their activities for the purpose of suppressing competition in interstate commerce in such products, conspired to monopolize the commerce therein, securing and retaining a monopoly, establishing and maintaining enhanced noncompetitive prices, destroying and stifling competition, dividing and allocating territory, eliminating fair and lawful competition, selling their own products to each other at false and enhanced prices, fixing prices, and dividing customers and purchases." 126 F.2d at 419.

Aside the obvious conclusion that Plaintiff George's pleading falls far short of the specificity standard set by *Roseland*, that case is easily distinguishable from the instant case on its facts. In *Roseland*, the three alleged conspirators were the only persons manufacturing and selling fire prevention equipment and fire extinguishers in the United States. Thus, their conspiracy by its very nature had anti-competitive effect and further, effectively precluded Plaintiff from *any* opportunity of making sales of this equipment. In the instant case, the conduct of Defendants herein precluded Plaintiff George from representing but one account, that of Defendant Cool Attic. Plaintiff George has not alleged that he represented other manufacturers of attic fans and ventilators or that he suffered any injury other than the loss of commissions on sales by Cool Attic to S. S. Kresge. While a manufacturer's representative might, under facts different from those alleged here, be a person directly injured by a violation of the antitrust laws, in order to bring himself within this category Plaintiff George would have to allege facts tending to show that the effect of the alleged violation was to eliminate competition and thus directly deprive him of his opportunity to make sales in a competitive market. *Robinson v. Stanley Home Products, Inc.*, 178 F.Supp. 230, 234 (D.C.Mass.1959). Plaintiff George has made no such factual allegations.

It must be noted that the Court is now judging the adequacy of Plaintiff's Fourth Amended Original Complaint. Defendants have persistently attacked each successive amendment on grounds of pleading sufficiency and failure of the Plaintiff to demonstrate standing to sue. The Court is constrained to agree with Defendants' contention that, on the facts alleged, Plaintiff has not and cannot, regardless of the number of amendments permitted, state any cause of action under the antitrust laws. Plaintiff's antitrust allegations must therefore be dismissed with prejudice for want of jurisdiction and for failure to adequately state a cause of action under the antitrust laws.

## PLAINTIFF'S CONTRACTUAL ALLEGATIONS

In addition to his antitrust claims, Plaintiff George seeks recovery on an alleged contract with Defendants for payment of commissions on all sales of attic fans by Defendants to S. S. Kresge. In the alternative, Plaintiff seeks to recover the value of his services to Defendants on a theory of *quantum meruit*. Though not specifically alleged in Plaintiff's Fourth Amended Original Complaint, jurisdiction of these contractual claims exists pursuant to 28 U.S.C. § 1332, as there is complete diversity of the parties and the amount claimed by Plaintiff exceeds Ten Thousand Dollars. In their Motion to Dismiss, Defendants urge that Plaintiff's contractual claims are barred by both the Statute of Frauds and the Statute of Limitations.

Plaintiff's Fourth Amended Original Complaint contains allegations that Plaintiff, in late October, 1973, orally contracted with Defendants to facilitate Defendants' entry into a sales relationship with S. S. Kresge in return for payment of a commission of 4% on all such sales.

Plaintiff's contractual claims are not within the Statute of Frauds, Section 26.-01(b)(6), Texas Business and Commerce Code Annotated, V.T.C.A. because Plaintiff has alleged that he fully performed all of his obligations under the contract within a period less than one year from the alleged date the contract was made. *See City of Tyler v. St. Louis S. W. Ry. Co.*, 99 Tex. 491,

91 S.W. 1 (1906). However, Plaintiff's very allegations of full performance bring Plaintiff's contractual claims completely within the bar of the Texas Statute of Limitations, Article 5526, Revised Civil Statutes of Texas, which provides in part:

"There shall be commenced and prosecuted within two years after the cause of action shall accrue, and not afterward, all actions or suits in court of the following description:

4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

Where, as here, one party to a contract has completely performed his obligations under the contract, an action may be brought for a total breach so that damages for breach of the entire contract may be obtained in one action. *See Restatement, Contracts*, Sec. 317, ill. 6; *See also Corbin on Contracts*, Sec. 970; and 11 *Williston on Contracts*, Sec. 1326.

In the instant case, Plaintiff George's cause of action accrued at the time he completed rendering services under his alleged contract with Defendants. On the face of the pleadings, it appears that this date was no later than January, 1974. Plaintiff's Original Complaint in this cause was not filed until January 14, 1977, and is thus, on its face, barred by the two-year Statute of Limitations. *Montgomery v. Brown*, 31 S.W. 1084 (Tex.Civ.App., 1895); *Dietrich v. Heintz*, 99 S.W. 417 (Tex.Civ.

App., 1907); *Huff v. Crawford*, 30 S.W. 546 (Tex.Sup., 1895). Likewise, any claim advanced by Plaintiff on a theory of *quantum meruit* is equally barred by limitations. *Horne Zoological Arena Company v. City of Dallas*, 45 S.W.2d 714 (Tex.Civ.App., 1942); *Parks v. Kelley*, 147 S.W.2d 821 (Tex.Civ. App., 1941). Because the Court finds that Plaintiff's contractual claims are barred by the Statute of Limitations, the Court need not consider whether, as alleged by Defendants, Plaintiff's contractual claims are barred by Laches.

For the reasons herein stated, IT IS THEREFORE ORDERED that the Defendants' Motions to Dismiss filed in this cause be and the same hereby are in all things granted and IT IS FURTHER ORDERED that the Plaintiff's Fourth Amended Original Complaint be dismissed with prejudice to the refiling of same. Each party is to bear its costs of action.

Signed this 13th day of February, 1978.

S/ Eldon B. Mahon
ELDON B. MAHON
UNITED STATES DISTRICT JUDGE