JARMATT TRUCK LEASING CORP.,
a/k/a Jarmatt Corp., Julius Belkin
and Vincent Generoso, Plaintiffs,

v.

BROOKLYN PIE COMPANY, INC., Sam
Cernuto, Mrs. Smith's Pie Company,
Inc., J. J. Feeney, and Benchmark Baking Corporation, Defendants.

No. 81 C 357.

United States District Court,
E. D. New York.

Oct. 29, 1981.

Irving Mandell, Forest Hills, N.Y., for plaintiffs.

Pastore & Akst, New York City (by Stephen R. Pastore, New York City), for defendants Brooklyn Pie and Sam Cernuto.

Furth, Fahrner, Bluemle & Mason, San Francisco, Cal. (by Craig C. Corbitt, San Francisco, Cal.) and Stroock, Stroock & Lavan, New York City (by Laurence Greenwald, New York City), for defendants Mrs. Smith's and J. J. Feeney.

Holtzmann, Wise & Shepard, New York City (by David R. Foley, New York City), for defendant Benchmark.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiffs seek relief under the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2,[1] for financial harm stemming from their failure to acquire the assets of defendant Brooklyn Pie Company, Inc. (Brooklyn Pie). The complaint presents various other claims arising from the same transaction, but since the Court lacks jurisdiction over the latter claims,[2] only the motions pertaining to the antitrust claims will be discussed herein. The action is now before the Court on defendants' motions to dismiss the complaint for failure to state a claim upon which relief can be granted.

The Supreme Court has held:

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnotes omitted). Further,

---

1. The complaint alleges violation of the Sherman and Clayton Antitrust Acts, but plaintiffs concede that the suit is limited to sections 1 and 2 of the Sherman Act. Memorandum in Opposition to Dismiss the Complaint, or for Partial Summary Judgment, at 5.

2. Jurisdiction over the non-antitrust claims is predicated on 28 U.S.C. § 1332(a)(1), but complete diversity is lacking since both plaintiffs

and defendant Brooklyn Pie are alleged to be residents of New York. The Court therefore has no jurisdiction over these claims. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Further, the exercise of pendent jurisdiction appears inappropriate because the federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

"in antitrust cases, where 'the proof is largely in the hands of the alleged conspirators,' *Poller v. Columbia Broadcasting,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly."

*Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976).

■ Applying these rigorous standards, the Court is nonetheless convinced that defendants' motions should be granted. For even if we take as true the material facts alleged, there still appears to be no basis for relief. Accordingly, there is no need to allow plaintiffs to conduct further discovery to support their allegations.

The material facts alleged in the complaint follow. Plaintiff Jarmatt Truck Leasing Corporation (Jarmatt) entered into a contract with defendant Brooklyn Pie to sell certain assets of Brooklyn Pie to Jarmatt, including the exclusive right to distribute pies made by defendant Mrs. Smith's Frozen Foods Co. (Mrs. Smith's) [3] in the New York metropolitan area. Despite the existence of this contract, Brooklyn Pie negotiated with defendant Benchmark Baking Corporation (Benchmark) to sell Benchmark the same assets and rights. All the defendants knew of the contract between Brooklyn Pie and Jarmatt and conspired to deny Jarmatt the right to distribute Mrs. Smith's pies in order to "restrict, stifle and destroy competition" and to "monopolize the distribution of Mrs. Smith's pies and Benchmark's products." Compl. ¶¶ 34, 42.

■ Assuming the truth of plaintiffs' allegations, the antitrust laws provide no basis for relief. Beyond its bald conclusions as to restraint of trade, the complaint fails to allege facts which show injury to *competition,* as distinct from injury to a *competitor.* See *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* 429 U.S. 477, 488, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977); *Oreck Corp. v.*

*Whirlpool Corp.,* 579 F.2d 126, 133–34 (2d Cir.), *cert. denied,* 439 U.S. 946, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978). No violation of section 1 of the Sherman Act is possible absent proof of anticompetitive effect beyond the injury to plaintiffs, and *facts* must be pleaded from which such effect can be inferred. *Larry R. George Sales Co. v. Cool Attic Corp.,* 587 F.2d 266, 273–74 (5th Cir. 1979).

Similarly, plaintiffs have failed to allege facts which if proven would show a relevant market, defendants' power or intent to monopolize such market, or even a "dangerous probability" of success, the essential elements of a claim under section 2 of the Sherman Act. See *United States v. Grinnell Corp.,* 384 U.S. 563, 570–71, 86 S.Ct. 1698, 1703–04, 16 L.Ed.2d 778 (1966); *Lorain Journal Co. v. United States,* 342 U.S. 143, 153, 72 S.Ct. 181, 186, 96 L.Ed. 162 (1951); *Berkey Photo, Inc. v. Eastman Kodak Co.,* 603 F.2d 263 (2d Cir. 1979), *cert. denied,* 444 U.S. 1093, 100 S.Ct. 1061, 62 L.Ed.2d 783 (1980).

Since plaintiffs have rested on no more than conclusory allegations based on the statutory language, failing to plead facts which would entitle them to relief, dismissal of the antitrust claims is appropriate.

SO ORDERED.

---

**3.** Mrs. Smith's is incorrectly identified in the complaint under its former name, Mrs. Smith's Pie Company, Inc.