Simone C. ANDRE, Plaintiff,

v.

MERRILL LYNCH READY ASSETS TRUST, Merrill Lynch Asset Management, Inc., Merrill Lynch Funds Distributor, Inc., Merrill Lynch, Pierce, Fenner & Smith, Incorporated, and Merrill Lynch & Co., Inc., Defendants.

No. 81 Civ. 7021(MP).

United States District Court, S.D. New York.

April 18, 1983.

Silverman & Harnes, New York City, for plaintiff.

Rogers & Wells, New York City, for defendants Merrill Lynch Asset Management, Inc., Merrill Lynch Funds Distributor, Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc. and Merrill Lynch & Co., Inc.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for defendant Merrill Lynch Ready Assets Trust.

## ORDER

MILTON POLLACK, District Judge:

This is the second suit by plaintiff against defendants in relation to compensation received by defendants in respect to management of the defendant's Ready Assets Fund. The first suit was dismissed after trial on the merits and dismissal was affirmed on appeal. Plaintiff's initial action, *Andre v. Merrill Lynch Ready Assets Trust, et al.,* 79 Civ. 5726(MP) (*Andre I*), was consolidated with *Gartenberg v. Merrill Lynch Asset Management, Inc.,* 524 F.R.D. 91, 79 Civ. 3123(MP) (*Gartenberg I*). Both complaints were dismissed on the merits after a full evidentiary hearing, 528 F. Supp. 1038 (S.D.N.Y.1981), *aff'd* 694 F.2d 923 (2d Cir.1982). Plaintiff filed a verified amended complaint in *Andre II* on January 24, 1983, realleging many of the very claims that the Second Circuit Court of Appeals had expressly asserted to be meritless, 694 F.2d at 933–34.

The defendants challenge portions of the present complaint as improperly and unprofessionally reasserting contentions laid to rest by the results and rulings in the first

suit. Defendants appeared at a pre-trial conference to advise the Court that they intended to move for summary judgment in the case. In ensuing discussion, it became clear that the complaint in the new suit reiterated charges characterized by the Court of Appeals to have been meritless, just as they had been found to be by the District Court in its opinion dismissing the suit. This raised the issue of counsel's responsibility under Rule 11, Fed.R.Civ.P. in the circumstances and the sanctions properly applicable. Briefs were requested, and they have been received.

■ Plaintiff's and her attorneys' decisions to reallege and prosecute claims identical to those that were expressly characterized as meritless compels the Court to determine if the claims should be stricken as sham and whether plaintiff and her attorneys should bear defendant's legal expenses, including attorneys' fees, in dealing with such claims. While there is no question that a plaintiff who has a colorable basis for a claim and who acts in good faith need not apprehend that defeat on the merits of her lawsuit will require her to pay her adversaries' legal fees, a plaintiff and her counsel who act in bad faith and for their coercive and prejudicial effect to assert legal claims without a colorable basis for the claim are liable for sanctions under Rule 11. *See Nemeroff and Hale & Dorr v. Abelson,* 704 F.2d 652 at 660 (2d Cir.1983). The facts and circumstances of this case, especially plaintiff's and her attorneys' intentional and knowing conduct in reasserting claims identical to those that were dismissed and stamped expressly by a higher court as meritless, dictate that said claims be dismissed as sham and that sanctions be imposed. A defendant may not be put upon and subjected to such impropriety.

*The Chronology of Plaintiff's Claims—Andre I.*

■ The *Andre I* complaint, filed October 23, 1979, alleged that Merrill Lynch Asset Management had breached its fiduciary duty under Section 36(b) of the Investment Company Act of 1940 (ICA), 15 U.S.C.

§ 80a–35(b). The *Andre I* complaint made no reference directly or indirectly to claims under Sections 15(a), 15(b), 15(c) or 20(a) of the ICA. Sections 15(a) and 15(b) require written contracts between an investment company and its advisor and its principal underwriter, respectively. 15 U.S.C. §§ 80a–15(a)(b). Section 15(c) requires that such contracts be approved by an investment company's non-interested directors after an evaluation of certain information. 15 U.S.C. § 80a–15(c). Section 20(a) requires that proxy solicitation comply with SEC rules and regulations. 15 U.S.C. § 80a–20(a).

Plaintiff's proposed findings of facts and conclusions of law dated March 20, 1981 and her updated findings of fact and conclusions of law dated September 9, 1981 refer only to Section 36(b).

September 9, 1981 marked the start of the consolidated trial in *Andre I* and *Gartenberg I.* At the conclusion of the trial, the Court rejected plaintiff Andre's contention that claims other than Section 36(b) were before the Court. On September 18, 1981, Andre filed a petition for a writ of mandamus with the Second Circuit to require the District Court to consider and determine its assertion of claims under §§ 15(a), 15(b), 15(c) and 20(a). Plaintiff's petition stated that her proxy claims [§ 20(a)] had been "fully litigated before the [trial] Court," and that each of the other claims was also "litigated at the trial."

Although the writ of mandamus was denied, the District Court superseded its prior decision and ordered all parties to brief any and all claims purported to be asserted by plaintiff Andre under Sections 15 and 20 of the ICA. The District Court communicated this decision by letter to all parties dated November 20, 1981. Plaintiff thereupon filed a 63-page memorandum and a reply memorandum in support of her claims under Sections 15 and 20 of the ICA.

On December 28, 1981, the Court dismissed plaintiff's complaint on the merits in all respects. The opinion, reported at 528 F.Supp. 1038, 1068 (S.D.N.Y.1981), ad-

dressed the claims under Sections 15 and 20 of the ICA specifically. The claim under Section 15(a) was dismissed based on a finding that "Merrill Lynch Pierce Fenner & Smith (MLPF & S) does not furnish any advisory services to the Fund regarding the investment of its portfolio." 528 F.Supp. at 1066. The claim under Section 15(b) was rejected based on a finding that MLPF & S is not a "principal underwriter." *Id.* The Court rejected the Section 15(c) claim on the ground that Merrill Lynch Asset Management had furnished all information that was reasonably necessary for the Trustees to evaluate the advisory contract. *Id.* The Court dismissed the Section 20(a) claim on the ground that plaintiff had failed to prove that defendant had failed to disclose any *material* facts in its proxy statements. *Id.* at 1067. Additionally, the District Court held that there is no private right of action under Sections 15(b), 15(c) and 20(a) of the ICA. *Id.* Thus, the Court concluded that plaintiff's "latterly constructed claims have no merit." *Id.*

On appeal, plaintiff argued that the decision of the District Court was erroneous with respect to the claims under Sections 15 and 20 and that it should be reversed. The Second Circuit addressed those claims expressly in its opinion of affirmance. 694 F.2d 923 (2d Cir.1982). The pertinent part of the decision reads as follows:

> The only claim alleged by appellants in their complaints and tried to the district court was that defendants were guilty of breach of fiduciary duty by paying the Manager excessive compensation in violation of § 36(b). Following trial and on this appeal appellants have sought to expand this claim to include charges that the defendants violated other provisions of the Act, §§ 15(a)–(c) and 20(a), 15 U.S.C. §§ 80a–15(a)–(c) and 20(a). Appellants' Proposed Findings of Fact and Conclusions of Law, even after updating, did not refer to these additional alleged violations of other sections of the Act. The belated post-trial attempt to add these claims was apparently motivated by plaintiffs' desire to avoid the one-year statute of limitations applicable to actions under § 36(b). We accordingly affirm the district court's dismissal of these purported additional claims as not having been presented to the district court for adjudication. In any event, *for the reasons already expressed by us and the additional reasons stated by the district court in its discussion of these additional claims "for the sake of completeness,"* 528 F.Supp. at 1066–67, *they are meritless.*
>
> The judgment of the district court is affirmed.

*Id.* at 933–34 (emphasis added).

*The Chronology of Plaintiff's Claims—Andre II.*

Plaintiff commenced *Andre II* on November 12, 1981, prior to the decision of the Court in *Andre I* on December 28, 1981. Fifty-two days after the Court of Appeals' affirmance of the decision in *Andre I,* plaintiff filed a "Verified Amended and Supplemental Complaint" on January 24, 1983.

Disregarding the Court's finding of fact that MLPF & S does not furnish advisory services to the Fund regarding the investment of its portfolio, and the Second Circuit's acceptance of such reasoning, plaintiff has realleged her 15(a) claim herein concerning advisory services performed by MLPF & S. Similarly, plaintiff has realleged that MLPF & S acted as principal underwriter for the Trust, disregarding an affirmed factual holding to the contrary. Thus plaintiff Andre here reasserts her Section 15(b) claim after it was held to be meritless by the Second Circuit. In addition, plaintiff's further contentions herein under Sections 15(c) and 20(a) are substantively identical to those that were rejected by the Court and by the Second Circuit as meritless.

A line-by-line comparison of the original complaint in *Andre II,* filed in November 1981, and the Verified Amended and Supplemental Complaint, filed in January 1983, reveals that plaintiff and her attorneys did nothing more than embellish the original *Andre II* complaint which purported to list for the determination of the District Court the claims under Sections 15 and 20. The

most striking example of plaintiff's wanton disregard for the findings and opinion of the District Court and the Second Circuit is their addition of a Section 15(a) claim to the Verified Amended and Supplemental Complaint, even though such a claim had been omitted from the original *Andre II* complaint. The identical Section 15(a) claim was adjudicated in *Andre I* to be meritless by the District Court and the Second Circuit Court of Appeals.

While the Verified Amended and Supplemental Complaint makes repeated reference to the statement of the Court at the conclusion of the trial that only Section 36(b) claims were to be determined, there is no recognition of the District Court's ultimate decision to supersede its ruling, its determination of the Sections 15 and 20 claims on the merits and the Second Circuit's affirmance of that determination on the merits. Indeed, paragraph 18 of the Verified Amended and Supplemental Complaint states: "Judge Pollack's decision in the *Gartenberg-Andre* Case *will not* determine the issues raised in the within complaint ...." The use of the future tense in the Amended Complaint, filed on January 24, 1983, when referring to a decision filed on December 28, 1981, demonstrates that plaintiff made no good faith determination of the invalidity of her claims in light of the rulings by this Court and the Second Circuit.

*Sanctions Under Rule 11.*

The above chronology of plaintiff's actions illustrates beyond peradventure of doubt that plaintiff and her attorneys have continued to advance, if not expand, claims that they knew had been held to be meritless by the Second Circuit Court of Appeals—conduct that is characteristically, in cases of this sort, harassing and coercive. Plaintiff and her attorneys do not suggest that the claims under Sections 15 and 20 are substantively distinct from those that were adjudicated to be meritless. Instead, they have knowingly and intentionally persisted in advancing these claims, apparently determining to their own satisfaction that the term "meritless" means something other than without merit. The reassertion of claims adjudicated and expressly characterized on judicial consideration to be meritless demonstrates the frivolous character of the claims of plaintiff and her attorneys and the bad faith in which they are offered.

Rule 11, Fed.R.Civ.P. provides in part that "[t]he signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; .... If a pleading is ... signed with intent to defeat the purpose of this rule, it may be stricken as sham and false.... For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action." Courts have repeatedly upheld awards of attorneys fees against offending parties and their counsel as appropriate sanctions for the wilful abuse of the judicial process due to the assertion of frivolous claims. *See, e.g., Nemeroff and Hale & Dorr v. Abelson*, 704 F.2d 652 (2d Cir.1983); *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327 (9th Cir.1981).

*Nemeroff* illustrates the appropriateness of sanctions against a party and counsel who ignore events subsequent to the filing of their complaint that undermine the basis for that complaint. In *Nemeroff* the plaintiff learned that a New York Stock Exchange report had found no evidence of a conspiracy between the defendants. *See Nemeroff*, at 2538. In the present case the devastating blow to plaintiff's theories was delivered by the Second Circuit Court of Appeals. In both cases continuation of the claims without adequate basis was demonstrative of bad faith. In the present case, not only has plaintiff continued to assert frivolous claims but she has expanded them without any justification.

Plaintiff's assertion of frivolous claims in bad faith has forced defendants and their counsel to expend significant time and resources in answering the claims and in beginning to prepare for trial.

Defendants' counsel have submitted a sworn affidavit stating that more than eighty hours of attorneys' time has been

spent and substantial disbursements have been made to answer plaintiff's complaint and to address the propriety of plaintiff's claims. All of this effort was exerted after January 24, 1983, the date plaintiff filed her Verified Amended and Supplemental Complaint. Defendants' counsel state that their professional time and expenses amount to $10,486.50. However, since defendants would have been required to incur some costs to answer and prepare to defend against plaintiff's claims under ˙ Section 36(b) that are not challenged as wholly frivolous, the extent of the attorneys' fees and expenses recoverable is not in the total amount claimed.

For the reasons expressed above, plaintiff's allegations in its Verified Amended and Supplemental Complaint asserting claims under Sections 15(a), 15(b), 15(c) and 20(a) are stricken as sham and false and a clean copy of the purged complaint shall ·be served and filed within 5 days hereof.

Under the circumstances an award of $5,000.00 in attorneys' fees taxed against plaintiff and her counsel in favor of the defendants is appropriate in all respects and they are hereby required to make payment thereof within 10 days of the date of this order.

SO ORDERED.