**FLORIDA MONUMENT BUILDERS, Plaintiff,**

v.

**ALL FAITHS MEMORIAL GARDENS, et al., Defendants.**

No. 83–2362–CIV–NESBITT.

United States District Court, S.D. Florida, S.D.

Dec. 28, 1984.

See also, 605 F.Supp. 1320.

Ray Fechtel, Eugene, Or., James Couney, Palm Beach, Fla., Roger Tilburg, Portland, Or., for plaintiff.

Steel, Hector & Davis, Holland & Knight, Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, Fla., for defendants.

### ORDER IMPOSING SANCTIONS PURSUANT TO Fed.R.Civ.P. 11

NESBITT, District Judge.

THE COURT has reviewed the Motion for Sanctions Under Rule 11 filed by a number of the Defendants, and the Memorandum in Opposition filed by the Plaintiff, and after due consideration, the Court finds that:

1. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the signature of an attorney on a pleading indicates "that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact." If pleadings are signed in violation of this Rule "the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction."

The spirit and intent of the newly amended Rule 11 is the requirement that the attorney make reasonable inquiry before signing any pleading, paper or motion. In this case, the Court has reviewed the memoranda and affidavits supplied by the opposing parties in light of the dictates of Rule 11, to determine whether they evidence the basis for an objective finding of good faith on the part of the Plaintiff and its attorney in filing the Amended Complaint. *Wells v. Oppenheimer & Co.*, 101 F.R.D. 358 (S.D.N.Y.1984).

2. Insofar as the filing of the claim for illegal tying arrangements, the Court finds that there was a basis formed after reasonable inquiry by the Plaintiff's attorney for the filing of the claim. The affidavits of various of Plaintiff's members indi-

cate that some of the Defendant cemeteries did have rules regarding the purchase of grave markers and the installation of those markers which might have acted to the detriment of the Plaintiff's members.

Although the conduct alleged did not rise to the level of a cause of action for violation of the antitrust laws, the Plaintiff did have at least a colorable claim based on an extension of existing law, and as such, Plaintiff should not be subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure for filing Count I of the Amended Complaint.

3. As regards Count II, the conspiracy claim, the Court finds that the Plaintiff's attorneys should be subject to sanctions under Rule 11. A review of the affidavits submitted by the Plaintiff shows that none of the affiants refer to the existence of a conspiracy between the named defendants.

■ The only apparent factual basis for the conspiracy claim appears in the affidavit of one of Plaintiff's attorneys, Edward Fechtel. He refers to his involvement in similar litigation in other parts of the country, and also refers to a 1958 indictment entered in the United States District Court for the Western District of Pennsylvania against the Matthews Company, a monument company, as forming the basis for his belief that a conspiracy existed between the Defendants in this case. Plaintiff's attorneys also claim that the stay of discovery ordered by the Court has prevented them from investigating so that they could properly allege parallel conduct through similar rules and regulations of the Defendants, such as would show the existence of the conspiracy.

The Court finds that there was no objective basis for forming a good faith belief that a conspiracy existed in this case before the amended complaint was filed. At the very least, the Plaintiff's attorneys were under an obligation to examine the rules and regulations of the Defendant cemeteries on file in the state capital to determine if any "parallel conduct" existed before filing a pleading alleging a conspiracy. That examination would have at least dem-

onstrated some basis for asserting the belief in the existence of a conspiracy "after reasonable inquiry", particularly in demonstrating any affidavits asserting any personal knowledge of the conspiracy among the Florida Defendants.

The Court finds that this case is not unlike the case of *Viola Sportswear Inc. v. Mimun*, 574 F.Supp. 619 (E.D.N.Y.1983). In that case, the Court imposed sanctions on an attorney who had filed an action alleging a nationwide trademark infringement conspiracy, based on the sale of one pair of designer jeans. The Court, in imposing sanctions, focused on the fact that the Plaintiff's attorney had not made adequate investigation before commencing the suit, either by independent investigation nor by inquiry of the named defendants. The Court said:

"Rule 11 of the Fed.R.Civ.P., as amended effective August 1, 1983, provides that 'the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact ..., and that it is not interposed ... to harass or to cause ... needless increase in the cost of litigation' (emphasis added). The Rule goes on to provide that its violation may lead to sanctions which may include an order to pay reasonable attorney's fees. As has already been indicated, there is not the slightest suggestion in any paper before the Court that *any* inquiry was made to lend some assurance that the allegations of the complaint were well grounded in fact" (emphasis in original).

574 F.Supp. at 621.

The affidavits filed demonstrate that the Plaintiff did not conduct any proper independent investigation before filing a claim for conspiracy against some fifty defendants. The Court finds that the allegations of conspiracy are based exclusively on the beliefs and experiences of attorney Fechtel, not on the facts as initially determined to be in existence, nor on the facts as revealed

by the affidavits of the Plaintiff's members submitted in opposition to this Motion. Accordingly, the charge that the Defendants were involved in a statewide conspiracy, based on experiences in other states, without more, "can hardly be said to be well grounded in fact and can appropriately be characterized as a charge that is frivolous and in support of which a good faith argument on the merits could not be made." *Viola Sportswear, supra,* at p. 621. Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff's attorneys are and shall be liable to the Defendants for their reasonable attorneys' fees and costs incurred in the defense of this lawsuit. This liability shall be joint and several between the Plaintiff and its attorneys in their individual capacities. The advisory committee note to Rule 11 states

"The new language stresses the need for some prefiling inquiry as to both the facts and the law to satisfy the affirmative duty imposed by the rule.

"The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing fatual or legal theories. The court is expected to ... test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was subitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar."

None of these factors are present. Rule 11 itself specifically provides:

"If a pleading, motion or other paper is signed in violation of this rule, the Court, upon motion or upon its own initiative *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other papers including a reasonable attorneys fee."

ORDERED AND ADJUDGED that on its own initiative and upon the motion of some of the moving defendants, the Court finds the appropriate sanction to be imposed is the assessment of attorneys fees in the amount of $25,000.00 for which the Plaintiff and its attorney shall be jointly and severally liable and which amount shall be paid within 20 days of the date of this order to the law firm of Steel Hector & Davis as sanctions liaison counsel, which amounts shall be deposited in their trust account to be distributed pro rata to all the Defendants upon presentation of a motion by sanctions liaison counsel for distribution, for which services sanctions liaison counsel shall be reimbursed, and upon order of the Court authorizing distribution.