MONUMENT BUILDERS OF
GREATER KANSAS CITY,
INC., Plaintiff,

v.

AMERICAN CEMETERY
ASSOCIATION, et al.,
Defendants.

Civ. A. No. 84–2469–S.

United States District Court,
D.  Kansas.

Feb. 26, 1986.

Ray Fechtel, Eugene, Or., Edward A. McConwell, Law Offices of Edward A. McConwell, Overland Park, Kan., for plaintiff.

Louis H. Plummer, Kansas City, Kan., for Lincoln Cemetery, Inc.

Michael D. Dick, McDonald, Dykes, Christlieb & Shields, Overland Park, Kan., for Shawnee Mission Memory Gardens.

Edward J. Chapman, Jr., Douglas Chapman & Waters, G. Waters, Leavenworth, Kan., Marvin G. Stottlemire, Chapman & Waters, Lansing, Kan., for Mount Muncie Cemetery.

Jeffrey S. Nelson, Shook, Hardy & Bacon, Overland Park, Kan., John C. Monica, Shook, Hardy & Bacon, Kansas City, Mo., Howard T. Brinton, John E. Frey, Robert L. Shuftan, Wildman, Harrold, Allen & Dixon, Chicago, Ill., David H. Marion, Wayne M. Thomas, Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., for American Cemetery Ass'n; Robert M. Fells, American Cemetery Ass'n, Falls Church, Va., of counsel.

Marilyn G. Miller, Kansas City, Mo., Conrad Miller, Sr., Kansas City, Kan., for Maple Hill Cemetery Co. and Chapel Hill Memorial Gardens, Inc.

William E. Carr, Brown, Koralchick & Fingersh, Overland Park, Kan., for Temple B'Nai Jehudah.

Karen E. MacDonald, Thomas H. Bennett, Independence, Mo., Gerald L. Rushfelt, Rushfelt, Mueller, Druten & Moran, Overland Park, Kan., for Reorganized Church of Jesus Christ of Later Day Saints.

John C. Russell, Raytown, Mo., Ruben Jorge Krisztal, Krisztal & Bellen, Kansas City, Kan., for Blue Ridge Lawn Cemetery, Inc. and Highland Sales & Inv. Co., Inc.

Charles D. Kugler, Vasos, Kugler & Dickerson, Kansas City, Kan., Michael J. Gallagher, Rebecca S. Cort, Wassberg, Gallagher & Jones, Kansas City, Mo., for Memorial Heritage, Inc. and D.W. Newcomer's Sons.

Allen R. Slater, Dietrich, Davis, Dicus, Schmitt, Rowlands & Gorman, Olathe, Kan., Edward M. Dolson, Dietrich, Davis, Dicus, Schmitt, Rowlands & Gorman, Kansas City, Mo., George Long, Asst. Mun.

Counselor, City of Olathe, Olathe, Kan., for City of Olathe, Kan.

Bernard J. Rhodes, Gage & Tucker, Kansas City, Mo., Stephen A. Murphy, Gage & Tucker, Overland Park, Kan., for Mount Washington Cemetery and Brooking Cemetery Assn.

R. James Stilley, Jr., Stilley & Fowler, Raytown, Mo., for Brooking Cemetery Assn.

John L. Vratil, Lathrop, Koontz, Righter, Clagett & Norquist, Overland Park, Kan., Edward W. Madeira, Jr., M. Duncan Grant, Carolyn L. Davis, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Jas. H. Matthews & Co.

David L. Skidgel, John J. Jurcyk, Jr., Robert B. Van Cleave, McAnany, Van Cleave & Phillips, Kansas City, Kan., for Pleasant View Cemetery, Mount Calvary Cemetery and Catholic Cemeteries, Archdiocese of Kansas City, Kan.

Richard A. Erickson, Kansas City, Mo., for Memorial Park Cemetery and Sunset Memorial Gardens.

Robert M. Beachy, Van Osdol, Magruder, Erickson & Redmond, Kansas City, Mo., Jeffrey O. Ellis, Fallon, Holbrook & Ellis, Kansas City, Kan., for Sunset Memorial Gardens and Troost Ave. Cemetery Co.

William J. Mullins, Jr., Wagner, Leek & Mullins, Shawnee Mission, Kan., Julia F. Blakeslee, Rich, Granoff, Levy & Gee, Kansas City, Mo., for Temple B'Nai Jehudah, Memorial Park Cemetery Ass'n of Missouri and Memorial Park Cemetery.

David E. Everson, Jr., Matthew J. Verschelden, Stinson, Mag & Fizzell, Kansas City, Mo., Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, Kan., for Mount Moriah Cemetery, Inc.

Gloria M. Gusich, Felix G. Kancel, Kansas City, Kan., Thomas Sullivan, Edward L. Fitzgerald, Downey, Sullivan & Fitzgerald, Kansas City, Mo., for Catholic Cemeteries Ass'n of Kansas City-St. Joseph, Inc.

George R. Docking, Kansas City, Kan., for Highland Park Cemetery and Chapel Mausoleum, Inc.

Norman E. Beal, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, Mo., for Chapel Hill Memorial Gardens, Inc.

Mark R. Singer, Romain, Burger & Singer, Overland Park, Kan., William G. Levi, Smith, Gill, Fisher & Butts, Kansas City, Mo., for Elmwood Cemetery.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on various defendants' motions to dismiss plaintiff's amended complaint for failure to state a claim upon which relief may be granted. Several defendants have also filed motions to dismiss for improper venue, lack of personal jurisdiction, and insufficiency of service of process. Additionally, motions have been filed by various defendants for sanctions against plaintiff pursuant to Rule 11, Federal Rules of Civil Procedure.

As stated in the court's memorandum and order dated June 28, 1985, plaintiff is a trade association of monument builders who filed a complaint alleging that defendants violated the antitrust laws by establishing a tying arrangement between the sale of cemetery lots and the sale and installation of graveside markers, by conspiring among themselves to tie these products, and by attempting to monopolize the sale of bronze and granite memorials. In its order of June 28, 1985, the court dismissed plaintiff's complaint for failure to state a claim upon which relief could be granted, but. granted plaintiff leave to amend its complaint. Plaintiff did amend its complaint, and defendants now seek to dismiss plaintiff's amended complaint upon the same grounds.

The court has determined that oral argument would not be of material assistance in the determination of this matter. Rule 15(d), Rules of Practice of the United States District Court for the District of Kansas.

In considering a motion to dismiss, the factual allegations of the complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir.1974). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

A. *Defendants' Motions To Dismiss For Improper Venue, Lack of Personal Jurisdiction, and Insufficiency Of Service Of Process*

Twelve defendants have filed motions to dismiss for improper venue, lack of in personam jurisdiction, and insufficiency of service of process. In disposing of such motions, the court will first address the issue of venue and in doing so will treat similarly situated defendants as a class.

Defendants Temple B'Nai Jehudah, doing business as Rosehill Cemetery, and the Brooking Cemetery Association request that plaintiff's claims be dismissed with prejudice due to improper venue. Defendants contend that § 4 of the Clayton Act (15 U.S.C. § 15) provides that "(b) any person who shall be injured in whose business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States in the district in which the defendant resides or is found to have an agent ...."

Both defendants contend and plaintiff concedes that Temple B' Nai Jehudah and Brooking Cemetery Association do not "reside" in Kansas. Therefore, the ultimate test is whether these defendants are engaged in the "practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character'" within the district. *United States v. Scophony Corp.*, 333 U.S. 795, 807, 68 S.Ct. 855, 862, 92 L.Ed. 1091 (1948). Each of

these two defendants contend, and support with affidavits, that they do not maintain offices or agents in the state, nor do they advertise or actively solicit business in Kansas. Defendants proffer conclusive evidence that they are not "transacting business" in the state of Kansas, and therefore Kansas is not the proper judicial district for plaintiff's action against them.

The court notes that the plaintiff does not even attempt to controvert defendants' affidavits or the facts stated therein. Rather, plaintiff suggests that venue should be based on plaintiff's allegation that all defendants, located both in Missouri and Kansas, have conspired together to violate antitrust laws. The court must disagree. It is clear that venue may not be founded solely on allegations that a defendant was a member of a conspiracy and that a portion of the conspiracy took place in the forum district. See *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148–49, 98 L.Ed. 106 (1953); *Williams v. Canon, Inc.,* 432 F.Supp. 376, 382 (C.D.Cal.1977).

Plaintiff also proposes that § 4 of the Clayton Act supplements the provisions of 28 U.S.C. § 1391. Section 1391 provides that venue is properly brought in the judicial district where all defendants reside or where the claim arose. This argument does little to convince the court that venue is proper against these defendants. The court finds that plaintiff has not sufficiently alleged or proven facts which even infer that the violation of the antitrust laws by these two defendants occurred in Kansas. The court therefore finds that all causes of action against defendants Temple B'Nai Jehudah and the Brooking Cemetery Association should be dismissed with prejudice.

Defendants D.W. Newcomer's Sons; Catholic Cemeteries Association of Kansas City-St. Joseph, Inc.; Memorial Heritage, Inc.; Mount Washington Cemetery; Troost Avenue Corp.; Reorganized Church of Jesus Christ of Latter Day Saints; Elmwood Cemetery; Blue Ridge Lawn Cemetery, Inc.; Highland Sales and Inventory Co., Inc.; and Memorial Park Cemetery Association of Missouri, are all Missouri corporations who have filed similar motions to dismiss for improper venue. These defendants have all filed affidavits which conclusively prove that they own or lease no land in Kansas, have no agents, employees or offices in Kansas, neither advertise nor solicit business in Kansas, and are not licensed nor engage in business in Kansas.

Plaintiff contends that venue is proper pursuant to 15 U.S.C. § 22, which provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

(Oct. 15, 1914, c. 323, § 12, 38 Stat. 736.)

The Supreme Court in the decision of *United States v. Scophony Corp.,* 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948), sought to define the terms used in § 12 of the Clayton Act (15 U.S.C. 22). The court found that the words "transacts business" is given a much broader meaning for establishing venue than the concept of "found" under 28 U.S.C. § 1391. The court found that the "everyday business" or commercial concept of "doing business of any substantial character" is the test to determine venue under § 12 of the Clayton Act.

After reviewing the affidavits of the defendants, the court finds that not one scintilla of evidence has been proffered which demonstrates that any of the defendants were "transacting business" or "found" in the state of Kansas for purposes of the the venue provisions of 15 U.S.C. § 22 or 28 U.S.C. § 1391. Each of the affidavits of the defendants verify the fact that none of the defendants maintained offices or agents or employees in Kansas or actively solicited or conducted any business in Kansas. The affidavits established that the defendants neither owned land nor leased property in Kansas. The court therefore finds that the motions

of defendants D.W. Newcomer's Sons; Mount Washington Cemetery, Catholic Cemetery Association of Kansas City-St. Joseph, Inc.; Reorganized Church of Jesus Christ of Latter Day Saints; Memorial Heritage, Inc.; Troost Avenue Cemetery Company; Elmwood Cemetery; Blue Ridge Lawn Cemetery and Highland Sales and Inventory Company to dismiss for improper venue should be granted.

▮ The court also notes that in addition to arguments for improper venue, D.W. Newcomer's Sons has alleged that plaintiff has sued the wrong entity because Newcomer's does not own Floral Hills Funeral Home and Cemetery, Floral Hills East Cemetery and Cameron Memory Gardens, but rather that it owns all stock of Floral Hills Property Corporation. Florals Hills Property Corporation is a Missouri corporation which owns Floral Hills, Lee's Summit Cemetery, Floral Hills Cemetery and Cameron Memory Gardens. The court notes that plaintiff does not allege any type of alter ego doctrine which would tie D.W. Newcomer's Sons partnership with the separate corporate entity of Floral Hills Properties Corporation. The court finds further support for its determination that D.W. Newcomer's Sons is an improper party and should be dismissed from this case.

Similarly, Memorial Heritage, Inc. states that it was improperly named by plaintiff as a party defendant. Plaintiff alleged in its amended complaint that Memorial Heritage, Inc. was a defendant "cemetery operator" doing business as Barry Memorial Gardens, White Chapel Memorial Gardens, Summit Heights Memorial Gardens, and Johnson County Memorial Gardens. While Memorial Heritage, Inc. does own and operate Barry Memorial Gardens, White Chapel Memorial Gardens and Summit Heights Memorial Gardens, Johnson County Memorial Gardens is owned and operated by Johnson County Memorial Gardens, Inc., a Kansas corporation. Defendant Memorial Heritage, Inc. concedes that it owns the stock of Johnson County Memorial Gardens, Inc., but contends that Johnson County Memorial Gardens maintains separate books and has a separate legal entity as a corporation. Again, plaintiff has not alleged any jurisdiction or venue over Memorial Heritage, Inc. because of its ownership of stock of the Kansas corporation or under the alter ego doctrine. Plaintiff's amended complaint and its memoranda in opposition to defendants' motions to dismiss neglects to allege that venue is properly grounded upon the alter ego doctrine. The court therefore finds that plaintiff has provided Memorial Heritage, Inc. with an additional basis for dismissal.

▮ The court finds it is unnecessary to determine the personal jurisdiction and sufficiency of service of process issues at this time, as extra-territorial service of process in antitrust suits is proper only if venue lies in the forum district. In *Athletes Foot of Delaware v. Ralph Libonati Co.*, 445 F.Supp. 35, 45 (D.Del.1977), the court stated that "although § 12 of the Clayton Act permits process in antitrust litigation against a corporation to be served 'in the district of which it is an inhabitant, or wherever it may be found,' service beyond state boundaries is authorized only when there is proper venue." *Id. See also Bruner v. Republic Acceptance Corp.*, 191 F.Supp. 200, 205 (E.D.Ark.1961). Accordingly, the court will not address the issues of personal jurisdiction or sufficiency of service based on the court's finding that defendants' motions to dismiss for improper venue should be granted.

Defendant City of Olathe has filed a motion to dismiss on two grounds. First, the City of Olathe claims that it is not liable for damages under Counts 1 through 3 of plaintiff's amended complaint due to the recent enactment of the Local Government Antitrust Act of 1984, Public Law 98–544, House Conf. Report No. 98–1158, U.S.Code Cong. & Admin.News 1984, 4602. This Act immunizes local governments from judgment for damages on actions claiming violations of federal antitrust law and also prohibits awards of attorneys' fees in such cases. Plaintiff, in its memorandum in opposition to defendant's motion to dismiss, does concede that the defendant City is

immunized with respect to any damages plaintiff may have suffered after the effective date of the act. Plaintiff contends, however, that the act does not immunize municipal bodies from injunctive relief under the antitrust laws.

The second basis upon which the City of Olathe bases its motion to dismiss is that injunctive relief would not be available against the City based on the Eighth Circuit's decision in *Rosebrough Monument Co. v. Memorial Park Cemetery*, 736 F.2d 441 (8th Cir.1984). In that case, the court found that cemeteries may set reasonable guidelines for the installation of memorials by outside monument companies. The defendant City of Olathe states that it reviewed the perimeters of the *Rosebrough* decision and adopted rules and regulations which permit outside monument companies to install the standard grade memorials or markers in Olathe Memorial Cemetery. Defendant City of Olathe contends that these rules and regulations are in complete compliance with both the letter and the spirit of the court's ruling, and therefore the court should rule as a matter of law that no antitrust violation is present in connection with this operation of Olathe Memorial Cemetery. Thus, the City of Olathe contends that no injunctive relief can be rendered against said defendant.

■ After a review of both plaintiff's and defendants' memoranda, the court finds that a ruling on the merits of defendant City of Olathe's defense is not appropriate at this time. The court finds that under the standards established by the court in determining motions to dismiss, the defendant City of Olathe has not proved that plaintiff can establish no facts upon which to state a claim for relief. The court does find, however, that any claim against the City of Olathe for damages or attorneys' fees should be stricken. The court further finds that defendant City of Olathe's motion to dismiss or strike all claims for injunctive relief against it should be denied.

### B. *Count 1 Of Plaintiff's Amended Complaint*

■ Count 1 of plaintiff's amended complaint alleges a horizontal conspiracy in violation of § 1 of the Sherman Act against all defendants except defendant Jas. H. Matthews & Company. Plaintiff specifically alleges a tying arrangement under § 1 of the Sherman Act (15 U.S.C. § 1). As stated in the court's order dated June 28, 1985, to plead a per se illegal tying arrangement three essential elements must be alleged: (1) a tying-in between two distinct products or services; (2) sufficient economic power in the tying product market to impose significant restrictions in the tied product; and (3) an effect on a non-insubstantial volume of commerce in the tied product market. *Robert's Waikiki U-Drive, Inc. v. Budget Rent-A-Car*, 732 F.2d 1403, 1407 (9th Cir.1984).

■ In its order dated June 28, 1985, the court previously found that plaintiff had failed to allege sufficient allegations of forcing and market power in its original complaint. The court finds that paragraph 24(i) of plaintiff's amended complaint alleges that defendants inter approximately seventy to seventy-five percent (70–75%) of all interments and control seventy to seventy-five percent (70–75%) of all memorials and markers and installation services. The court finds, however, that this allegation alone does not correct the defect of failing to allege control over cemetery plots in plaintiff's original complaint. The insufficiency of plaintiff's amended complaint with regard to its burden of alleging sufficient economic power in the tying market is glaring in light of the court's dismissal of twelve defendants for improper venue. The court finds absolutely no allegations in plaintiff's amended complaint which even infer that the remaining defendants have any type of economic power in the tying product market to impose the restrictions on the tied product as alleged in the amended complaint.

■ In addition, the court finds that plaintiff has not sufficiently alleged that consumers have lacked a choice of competi-

tors or types of memorials. *See Jefferson Parish Hospital Dist. No. 2 v. Hyde,* 466 U.S. 2, 11–12, 104 S.Ct. 1551, 1558, 80 L.Ed.2d 2 (1984). Plaintiff did not amend its complaint to allege any additional facts as to the type of memorials sold, the prices charged or the effect defendants' control has on the tied product market. Thus, the court finds that plaintiff has not sufficiently stated a cause of action for a per se illegal tying arrangement.

■ The second inquiry which must be made in the absence of a per se illegal tying arrangement is whether plaintiff has alleged sufficient facts to establish a cause of action that defendants unreasonably restrained competition. *Jefferson Parish,* 466 U.S. at 29, 104 S.Ct. at 1567. In paragraph 24(k), plaintiff alleges that since 1955 the number of independent monument dealers and their employees has decreased eighty to ninety percent (80–90%) and ninety percent (90%), respectively. The court finds that these statistics alone are not sufficient to support a claim of unreasonable restraint, even when viewed in the light most favorable to plaintiff. The plaintiff's amended complaint, in light of the dismissal of twelve defendants for improper venue, falls far short of alleging that the market has been unreasonably restrained, or there has been an adverse effect on competition due to the acts of the remaining defendants. Therefore, defendants' motions to dismiss Count 1 of plaintiff's complaint should be granted.

### C. *Count 2 Of Plaintiff's Amended Complaint*

■ Count 2 of plaintiff's amended complaint alleges a vertical conspiracy in violation of § 1 of the Sherman Act (15 U.S.C. § 1). The court finds that plaintiff's amended complaint must measure up to the standards of pleading as set forth by the United States Court of Appeals for the Tenth Circuit in *Mountain View Pharmacy v. Abbott Laboratories,* 630 F.2d 1383, 1386–88 (10th Cir.1980), and by the Fifth Circuit in *Larry R. George Sales Co. v. Cool Attic Corp.,* 587 F.2d 266, 272–73 (5th Cir.1979). Section 1 of the Sherman Act renders illegal every contract, combination and conspiracy in restraint of trade. *Larry R. George Sales Co.* at 273. To allege such a violation, plaintiff must plead facts constituting the conspiracy, the purpose of the conspiracy, and its accomplishment. *Id.* The court in *Larry R. George Sales Co.* further stated that "[i]t is essential that the complaint allege facts from which it can be determined that the conduct charged be in violation of the antitrust laws as reasonably calculated to prejudice the public interest by unduly restricting the free flow of interstate commerce." *Id.* (quoting *Kinnear-Weed Corp. v. Humble Oil & Refining Co.,* 214 F.2d 891, 893–94 (5th Cir.1954)). Upon a review of plaintiff's amended complaint, and the court's dismissal of twelve defendants for improper venue, it appears beyond a doubt that plaintiff can prove no set of facts in support of its claim of conspiracy in restraint of trade. The facts as alleged cannot be read to infer agreement among the defendants to restrain trade and competition nor restrict the free flow of interstate commerce. *See, e.g., Norfolk Monument v. Woodlawn,* 394 U.S. 700, 704, 89 S.Ct. 1391, 1393, 22 L.Ed.2d 658 (1969).

The court notes that plaintiff has failed to separately identify facts which establish the acts of conspiracy allegedly committed by the remaining defendants. Plaintiff has attempted to limit the time span to allege a four (4)-year span of conspiracy but has not alleged sufficient facts to enable each remaining defendant to responsively plead and defend against plaintiff's claim of conspiracy to restrain trade. An allegation of a four-year span of time and general allegations of conspiracy do not correct the defects in plaintiff's complaint which were cited by the court in its Memorandum and Order dated June 28, 1985. The court therefore finds that Count 2 of plaintiff's complaint should be dismissed with prejudice.

### D. *Count 3 Of Plaintiff's Complaint*

■ In Count 3, plaintiff alleges a conspiracy to monopolize and/or attempt to

monopolize, in violation of § 2 of the Sherman Act (15 U.S.C. § 2). In *Olsen v. Progressive Music Supply, Inc.*, 703 F.2d 432 (10th Cir.1983), the Tenth Circuit stated the elements needed to establish a claim based on an attempt to monopolize. First, plaintiff must demonstrate a dangerous probability of success. Second, plaintiff must prove acts in furtherance of the attempt, although these acts need not be successful. Third, plaintiff must demonstrate specific intent to monopolize. Fourth, a relevant market within which the attempted monopolization occurred must be established. *Id.* at 436–37. Upon a review of the record, the court finds that plaintiff has not sufficiently stated a cause of action upon which to claim an attempt of monopolization in violation of § 2 of the Sherman Act. Plaintiff must establish possession or attempted possession by defendants of a monopoly power in a relevant market, and more importantly the *willful* acquisition of that monopoly power as distinguished from growth, or development or as a consequence of superior product, business acumen, or historical accident. *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71, 86 S.Ct. 1698, 1703–04, 16 L.Ed.2d 778 (1966); *Pacific Engineering & Production Co. of Nevada v. Kerr-McGee Corp.*, 551 F.2d 790, 791 (10th Cir.), *cert. denied* 434 U.S. 879, 98 S.Ct. 543, 54 L.Ed.2d 472 (1977); *Clark Equipment Co. v. Harlan Corp.*, No. 82–2049 (D.Kan., *unpublished*, Sept. 27, 1982), slip op. at 10.

■ The court finds that plaintiff's amended complaint, even when read in the light most favorable to plaintiff, does not sufficiently state market domination nor does it allege facts which establish that defendants willfully acquired or maintained such monopoly power with the specific intent to engage in anticompetitive activity. The court notes that nowhere does plaintiff allege that any of the defendants, including Jas. H. Matthews Company, hold market strength over granite markers. While plaintiff does state that defendants inter between 70–to–75% of the interments in the greater Kansas City area, no facts have been pleaded which specifically establish

that defendants individually or collectively have the power to monopolize or have attempted to monopolize competition and that their acts in the past have been done for the willful acquisition of monopoly power. Further, the court's dismissal of twelve defendants for improper venue significantly negates any allegations supporting the probability of success of defendants or the relevant market within which the attempted monopolization occurred.

■ The court finds that plaintiff does not state sufficient facts to establish the market power of defendants in bronze markers or sufficient control over cemetery plots. The court notes that market shares alone are not enough to determine a defendant's capacity to achieve monopoly power. *See Richter Concrete Corp. v. Hilltop Concrete Corp.*, 691 F.2d 818, 826 (6th Cir.1982). In conclusion, plaintiff's complaint does not sufficiently state facts from which the court can find that defendants have willfully acquired a position of monopoly power, that defendants enjoy the necessary market domination for such a violation, or have the specific intent to monopolize.

■ Similarly, the court finds that plaintiff has not alleged sufficient facts to establish a conspiracy to monopolize. In *Olsen,* the Tenth Circuit stated the elements necessary to establish conspiracy to monopolize: (1) the existence of a combination or conspiracy to monopolize; (2) overt acts done in furtherance of the combination or conspiracy; (3) the effect upon an appreciable amount of interstate commerce; and (4) a specific intent to monopolize. The court stated that the specific intent to monopolize is the heart of a conspiracy charge. *Id.* The court finds in the instant case that plaintiff's amended petition again falls short of meeting the standard for establishing the existence of a conspiracy to monopolize. The court finds that plaintiff has never alleged sufficient facts to tie the individual defendants together to effectuate their specific intent to monopolize the memorial industry. Further, in light of the

court's finding that no relevant market power was shown, especially in the area of granite markers and the dismissal of twelve defendants, the strength of plaintiff's cause of action for conspiracy to monopolize is further negated. The court therefore finds that Count 3 of plaintiff's complaint for conspiracy and/or attempt to monopolize in violation of § 2 of the Sherman Act should be dismissed with prejudice.

### E. *Motions For Sanction*

Five defendants, Matthews Company, Elmwood Cemetery, City of Olathe, Highland Sales & Investment Company and Blue Ridge Cemetery, have filed motions for sanctions pursuant to Rule 11, Federal Rules of Civil Procedure. Rule 11 provides, in part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. ... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The Notes of the Advisory Committee On Rules is instructive in setting a standard for the court to use in judging a pleading in light of the mandates established in Rule 11. The Committee suggests that the court should test the signer's conduct by inquiring into what was reasonable at the time the pleading was submitted, looking at such factors as the amount of time for investigation which was available to the signer, whether he had relied on client information as to the facts underlying the pleading, and whether the pleading was based on a plausible view of law. *Id.* In determining if sanctions should be imposed for plaintiff's allegations in its complaint and second amended complaint, the court must resolve any doubts in favor of the signer.

In judging the pleadings in favor of the signer, the court finds that had plaintiff done sufficient investigation prior to the filing of the complaint or amended complaint and taken the time to allege sufficient allegations of market control of each of the individual defendants and the effect each would have on the relevant market for Count 1 of plaintiff's complaint, a cause of action for a violation of § 1 of the Sherman Act (15 U.S.C. § 1) may have been inferred. The court notes, however, that plaintiff's attorney failed to adequately investigate further and plead such an action even after the court dismissed plaintiff's complaint. This was in total disregard to the court's directive as to specific defects in plaintiff's complaint. Regardless, sanctions would not be properly imposed if there could have been at least a colorable cause of action for a violation of § 1 of the Sherman Act.

Similarly, the court finds that had plaintiff undertaken sufficient investigation and paid more attention to details and specificity in its complaint, plaintiff and its attorneys could have stated allegations which would at least have inferred a conspiracy to violate § 1 of the Sherman Act under Count 2 of plaintiff's amended complaint.

The court, upon a review of the affidavits and pleadings, cannot so find on Count 3 of plaintiff's complaint alleging a conspiracy to or attempt to monopolize in violation of § 2 of the Sherman Act (15 U.S.C. § 2). The court can gleam no evidence which even suggests that defendants alone or in conspiracy with each other had the intent to monopolize the market, nor that the

defendants individually or as a group had the power to do so.

■ The standard to be used by the court in applying Rule 11 is to "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading ... was submitted." *Id.*, Advisory Committee Notes. In total disregard of the court's dismissal of this claim, plaintiff's attorney did little to further investigate the basis upon which to bring these allegations. The decision in *Andre v. Merrill Lynch Ready Assets Trust*, 97 F.R.D. 699, 702 (S.D.N.Y.1983), supports the appropriateness of sanctions against a party and counsel who ignore events subsequent to the filing of their complaint. *Id.* Likewise, plaintiff and its attorneys failed to act on the advice of the court stated in the Memorandum and Order dated June 28, 1985, which noted the defects in plaintiff's complaint. Accordingly, the court finds that it was unreasonable for plaintiff and its attorneys to believe that a claim of attempt to monopolize or conspiracy to monopolize existed based on the very limited investigation done by plaintiff's attorney and the incomplete information received from the defendants. Further, the court notes that plaintiff and its attorneys did little to clean up its complaint before filing a little-changed amended complaint basically furthering the same facts. The court therefore finds that plaintiff and its attorneys should be responsible for the costs associated with all defendants' motions to dismiss the amended complaint.

■ Upon a review of the record, the court finds that the lack of reasonable inquiry into the substantive causes of action is not the sole basis for imposing sanctions. Based on the affidavits submitted by the twelve defendants who sought a dismissal for improper venue, plaintiff and its attorneys had no reasonable grounds for submitting the Missouri defendants into this court's forum. There is no suggestion in any paper before the court that any inquiry was made by plaintiff to lend some assurance that the allegations of venue were well grounded in fact. *See Viola Sportswear, Inc. v. Mimun*, 574 F.Supp. 619, 621 (E.D.N.Y.1983). Therefore, the court finds that plaintiff and its attorneys should also be responsible for any costs associated with those twelve defendants filing motions for improper venue.

■ The City of Olathe has also filed a motion for sanctions. The court recognizes that a court should only impose sanctions where it is patently clear that a claim has absolutely no chance of success. *Eastway Construction Corp. v. City of New York*, 1985–1, CCH Trade Cases, 66, 634, 762 F.2d 243 (2nd Cir.1985). As far as the City of Olathe is concerned, it is clear that no claim may be made against it for damages. Plaintiff's attorneys should have made reasonable inquiry into the law regarding the City's liability before requesting damages from all defendants in the complaint and amended complaint. There is no legal basis upon which to impose liability for damages against the City. Therefore, plaintiff's attorneys should be responsible for the costs to the City in defending its motion to dismiss plaintiff's claim for damages against it.

■ The court also finds that sanctions should be imposed against plaintiff and its attorneys for its claims against Newcomer's Sons, Inc. The affidavits of the defendant, uncontested by plaintiff, conclusively establishes that Newcomer's does not own the individual cemeteries of Floral Hills, Floral Hills East and Cameron Memory Gardens, but rather that it owns stock of Floral Hills Property Corporation, a separate entity which owns the above-listed cemeteries. Plaintiff alleged no liability on the part of Newcomer's Sons, Inc. due to the alter-ego doctrine, and failed to adequately respond to Newcomer's memorandum in support of its motion to dismiss, which refuted liability under such a doctrine.

■ The court further finds that plaintiff and its attorneys did not properly investigate its allegations against Jas. H. Matthews Company. The amended complaint does not allege that Matthews is the

manufacturer of granite memorials, but still alleges that the tied products involved in the market involve both bronze and granite memorials. There are absolutely no facts which support plaintiff's allegation in paragraph twenty-one (21) that the relevant product market is bronze *and* granite grave memorials. There are no facts which support that any of the defendants manufactured or controlled the granite market and that specifically Jas. H. Matthews sought to restrain trade or monopolize the granite market. The affidavits submitted by Matthews negate any contention by plaintiff that a sufficient amount of investigation was made either prior to the filing of the complaint or prior to the filing of the amended complaint. The court finds no support in plaintiff's cite to a 1958 litigation involving Matthews Company for support for its claim against it in this case. *See Florida Monument Builders v. All Faiths Memorial Gardens*, 605 F.Supp. 1324 (S.D.Fla., *unpublished*, 1984).

In conclusion, the court finds it unreasonable for plaintiff to have filed an amended complaint without clearing up the defects cited by the court in its order of dismissal of the original complaint. The court therefore finds it is proper for sanctions to be imposed upon plaintiff and its attorneys for reasonable attorneys' costs associated with each of the defendants' motions to dismiss for improper venue and Count 3 of plaintiff's complaint, as well as the City of Olathe's dismissal of damage claims against it and costs associated with the five defendants' motions to impose sanctions.

IT IS BY THE COURT THEREFORE ORDERED that the motions of defendants Temple B'Nai Jehudah, Brooking Cemetery Association, D.W. Newcomer's Sons, Catholic Cemeteries Association of Kansas City-St. Joseph, Inc., Memorial Heritage, Inc., Mount Washington Cemetery, Troost Avenue Corporation, Reorganized Church of Jesus Christ of Latter Day Saints, Elmwood Cemetery, Blue Ridge Lawn Cemetery, Inc., Highland Sales & Investment Company, Inc., and Memorial Park Cemetery Association of Missouri to dismiss for improper venue are hereby granted. IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's amended complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, are hereby granted. IT IS FURTHER ORDERED that plaintiff and its attorneys are and shall be liable to defendants for their reasonable attorneys' fees and costs incurred in the defense of their motions to dismiss Count 3 of plaintiff's amended complaint and their motions for sanctions based on plaintiff's amended complaint. IT IS FURTHER ORDERED that plaintiff and its attorneys are and shall be liable to the twelve defendants for their reasonable attorneys' fees and costs incurred in defending their motions to dismiss for improper venue. IT IS FURTHER ORDERED that plaintiff and its attorneys are and shall be liable to the defendant City of Olathe for reasonable attorneys' fees and costs associated with that defendant's motion to dismiss plaintiff's claim in its amended complaint for damages against it. This liability shall be joint and several between plaintiff and its attorneys in their individual capacities. Defendants are directed to submit, within twenty (20) days of the date this memorandum and order is filed, affidavits which provide the court with the information on reasonable attorneys' costs associated with the defense of their motions to dismiss and motions for sanctions in response to plaintiff's amended complaint. IT IS FURTHER ORDERED that plaintiff's amended complaint is hereby dismissed with prejudice.