**MONUMENT BUILDERS OF GREATER KANSAS CITY, INC., et al., Plaintiffs,**

v.

**AMERICAN CEMETERY ASSOCIATION, et al., Defendants.**

Civ. A. No. 84-2469-S.

United States District Court, D. Kansas.

March 13, 1986.

On Attorneys' Fees and Costs April 14, 1986.

### ON MOTIONS TO AMEND

SAFFELS, District Judge.

This matter is before the court on defendant Heritage Parks, Inc.'s Motion to Amend the court's judgement entered on February 26, 1986, 629 F.Supp. 1002, and plaintiff's local counsel's Motion to Modify the judgment entered on February 26, 1986.

Upon a review of the record, the court notes that judgment was entered in favor of Memorial Park Cemetery and Sunset Memorial Gardens of Kansas City, Kansas, rather than in the corporate name of Heritage Parks, Inc., d/b/a Memorial Park Cemetery and Sunset Memorial Gardens of Kansas City, Kansas. The court finds that the judgment should be amended to read that defendant Heritage Parks, Inc., d/b/a Memorial Park Cemetery and Sunset Memorial Gardens of Kansas City, Kansas' Motion to Dismiss plaintiff's amended complaint is hereby granted with prejudice.

Plaintiff's local counsel has filed a Motion to Modify the court's judgment entered on February 26, 1986, to eliminate the imposition of sanctions under Rule 11 against Mr. McConwell. In light of the fact that Mr. McConwell was not retained as local counsel until after the filing of the amended complaint, the motion of Mr. McConwell should be granted.

IT IS BY THE COURT THEREFORE ORDERED that defendant Heritage Parks, Inc.'s Motion to Amend the court's judgment entered on February 26, 1986, is hereby granted. IT IS FURTHER ORDERED that Mr. McConwell's Motion to Modify the judgment entered on February 26, 1986, is hereby granted. The Clerk is directed to amend the judgment to reflect that defendant Heritage Parks, Inc., d/b/a Memorial Park Cemetery and Sunset Memorial Gardens of Kansas City, Kansas' Motion to Dismiss plaintiff's amended complaint with prejudice is hereby granted. The clerk is further directed to modify the judgment entered on February 26, 1986, to eliminate the imposition of sanctions against Mr. Edward McConwell.

## ON ATTORNEYS' FEES AND COSTS

This matter is before the court to award attorneys' fees and costs to defendants pursuant to the court's Memorandum and Order dated February 25, 1986.

█ In awarding such fees and costs, the court carefully scrutinized the billing hours and affidavits submitted by the defendants' attorneys and apportioned the fees and costs that should be properly awarded pursuant to the court's prior Memorandum and Order. In awarding such fees and costs, the court made certain adjustments to the amounts requested in arriving at the total amounts awarded to each of the defendants. The court found that some fees and costs as requested by the defendants should not be apportioned as sanctions as the hours and costs requested did not relate to Count III of plaintiffs' amended complaint, motions for sanctions, or motions to dismiss for improper venue and lack of personal jurisdiction. Specifically, the court rejects M. Duncan Grant's (acting on behalf of Jas. H. Matthews & Co.) argument that this court should award fees and costs relating to motions filed in an identical action in Philadelphia prior to the filing of the present action. The court finds that to the contrary, defense of this earlier action should have substantially reduced fees and costs involved in defense of the present suit. Thus, after a careful review of the record, the court finds that the following fees and costs should be awarded.

IT IS BY THE COURT THEREFORE ORDERED that the sum of One Thousand One Hundred Forty-Eight Dollars and Twenty-Two Cents ($1,148.22) should be awarded to the American Cemetery Association. IT IS FURTHER ORDERED that the amount of One Thousand Two Hundred Seventy-Seven Dollars and Fifty Cents ($1,277.50) should be awarded to Chapel Hill Memorial Gardens, Inc. IT IS FURTHER ORDERED that the amount of One Thousand Five Hundred Eighty-Seven Dollars and Fifty Cents ($1,587.50) should be awarded to the Reorganized Church of Jesus Christ of Latter Day Saints. IT IS FURTHER ORDERED that the amount of Two Hundred Twenty-Five Dollars ($225) should be awarded to the Brooking Cemetery Assoc. IT IS FURTHER ORDERED that the amount of One Thousand Seven Hundred Seventy-Four Dollars and Thirty Cents ($1,774.30) should be awarded to Mount Washington Cemetery. IT IS FURTHER ORDERED that the sum of One Thousand Six Hundred Seventy-Five Dollars ($1,675) should be awarded to the Memorial Park Association of Missouri. IT IS FURTHER ORDERED that the sum of One Thousand Two Hundred Sixty-Five Dollars and Fifty Cents ($1,265.50) should be awarded to Sunset Memory Gardens Management, Inc., and Troost Avenue Corporation. IT IS FURTHER ORDERED that the total amount of One Thousand Six Hundred Eighty-Two Dollars and Fifty Cents ($1,682.50) should be awarded proportionately to Catholic Cemeteries of Kansas City, Kansas, Mount Calvary Cemetery, Kansas City, Kansas, and Pleasant View Cemetery. IT IS FURTHER ORDERED that the total amount of Seven Thousand Five Hundred Thirty-Seven Dollars and Twenty-Six Cents ($7,537.26) should be awarded to Joseph H. Matthews & Compa-

ny, awarding the amount of Nine Hundred Twenty-Six Dollars and Fifty Cents ($926.50) for the work of John Vratil and the amount of Six Thousand Six Hundred Ten Dollars and Seventy-Six Cents ($6,610.76) to M. Duncan Grant. IT IS FURTHER ORDERED that the amount of Two Thousand Five Hundred Thirty-Two Dollars ($2,532) should be awarded to Elmwood Cemetery Society. IT IS FURTHER ORDERED that the amount of Two Thousand Four Hundred Fifty-Five Dollars and Fifty Cents ($2,455.50) should be awarded to the Catholic Cemeteries Association, Diocese of Kansas City-St. Joseph, Missouri. IT IS FURTHER ORDERED that the amount of Four Thousand Eight Hundred Seventeen Dollars and Nineteen Cents ($4,817.19) should be awarded to D.W. Newcomer's Sons, Inc., and Memorial Heritage. IT IS FURTHER ORDERED that the amount of Nine Hundred Two Dollars and Sixty-Three Cents ($902.63) should be awarded to Mount Moriah Cemetery, Inc. IT IS FURTHER ORDERED that the amount of Nine Hundred Two Dollars and Fifty Cents ($902.50) is hereby awarded to Temple B'Nai Jehudah. IT IS FURTHER ORDERED that the amount of Two Thousand Eight Hundred Thirty-Seven Dollars and Ninety-Three Cents ($2,837.93) is hereby awarded to the City of Olathe. IT IS FURTHER ORDERED that the sum of One Thousand Three Hundred Twelve Dollars and Fifty Cents ($1,312.50) is hereby awarded to Blue Ridge Lawn Cemetery, Inc./Highland Sales & Investment Company. IT IS FURTHER ORDERED that plaintiff Monument Builders of Greater Kansas City, Inc. and its attorney Ray Fechtel are hereby liable for the total amount of Thirty-Three Thousand Nine Hundred Thirty-Three Dollars and Three Cents ($33,933.03) for attorneys' fees and costs to the defendants, in the amounts apportioned above. IT IS FURTHER ORDERED that the law firm of McDowell, Rice & Smith, Chartered, is not liable for any attorneys' fees and costs imposed by this order.